# Land Title & Trust Company, Appellant, *v.* Northwestern National Bank.

*Banks and banking—Checks—Indorsement—Forgery—Trust company.*

The drawer of a check, draft, or a bill of exchange, who delivers it to an impostor, supposing him to be the person whose name he has assumed, must, as against the drawee or a bona fide holder, bear the loss where the impostor obtains payment of, or negotiates, the same.

In such a case the fact that the check was drawn by the trust department of a trust company on its own banking department and payment of it refused by the banking department, because of lack of identification of the person presenting the check, immediately after it was issued is immaterial.

DEAN and POTTER. J. J., dissent.

Argued Jan. 11, 1905. Appeal, No. 241, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 748, on verdict for defendant in case of The Land Title and Trust Company v. Northwestern National Bank. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Assumpsit to recover the amount of a check. Before WILT-BANK, J.

The facts appear by the previous report of the case in 196 Pa. 230, and by the opinion of the Supreme Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John G. Johnson,* for appellant.—The appellant could not have charged the amount by it paid to the appellee against the account of its depositor: United States v. Nat. Exchange Bank, 45 Fed. Repr. 163; Robertson v. Coleman, 141 Mass. 231 (4 N. E. Repr. 619).

The appellee was not misled by anything done by the appellant; but was guilty of negligence.

The appellant was induced to pay the check solely because of its presentation and indorsement by the appellee : Robarts v. Tucker, 16 Q. B. (71 Eng. Com. Law Rep.) 560.

Money paid by a bank upon a forged indorsement of a check to order, can be recovered by it if it proceeds promptly upon discovery of the fact of the forgery: McConeghy v. Kirk, 68 Pa. 200; Chambers v. Union Nat. Bank, 78 Pa. 205; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46; Onondaga County Savings Bank v. U. S., 64 Fed. Repr. 703; Turnbull v. Bowyer, 40 N. Y. 456; State Bank v. Fearing, 33 Mass. 533; Howe v. Merrill, 59 Mass. 80; United Security Life Ins., etc., Co. v. Cent. Nat. Bank of Phila., 185 Pa. 586; Myers v. Southwestern Nat. Bank, 193 Pa. 1.

The check upon the appellant was not indorsed by the party in whose favor it was drawn.

*Samuel Dickson*, with him *Ruby R. Vale, Alexander & Magill* and *Alfred Moore*, for appellee.—The appellee bank may be relieved of liability because in thus paying the check the intent of the drawer bank was thus effectuated. That is, that the physical person who stood before the drawer bank and with whom it meant to deal is the person to whom it intended the check to be delivered and to whom payment by the appellee bank should be made thereon: Emporia Nat. Bank v. Shotwell, 35 Kan. 360 (11 Pac. Repr. 141); Robertson v. Coleman, 141 Mass. 231 (4 N. E. Repr. 619); U. S. v. Nat. Exchange Bank, 45 Fed. Repr. 163; Meyer v. Indiana Nat. Bank, 61 N. E. Repr. 596; Metzger v. Franklin Bank, 119 Ind. 359 (21 N. E. Repr. 973); First Nat. Bank v. American Exchange Nat. Bank, 49 App. Div. 349 (63 N. Y. Supp. 58); Karoly Electrical Construction Co. v. Globe Sav. Bank, 64 Ill. App. 225; Crippen v. Nat. Bank, 51 Mo. App. 508; Meridian Nat. Bank v. First Nat. Bank, 7 Ind. App. 322 (33 N. E. Repr. 247); Merchants' Loan & Trust Co. v. Bank of the Metropolis, 7 Daly (N. Y.), 137.

The drawer, appellant company, by delivering the check into the hands of a person thereby held out such person as the person named therein as payee and is consequently estopped as against a bank which acts upon such representation to deny that the drawer intended to make such person, impostor though

he be, the payee of such check: Forbes v. Espy, 21 Ohio St. 474.

It may be argued as a sound proposition that the real payee named in the check having known nothing of the transaction and having given no consideration for the check is in the law a fictitious payee, and consequently the check, in so far as the bank is concerned, is to be considered as a check drawn to bearer: Phillips v. Mercantile Nat. Bank, 140 N. Y. 556 (35 N. E. Repr. 982) ; Bank of England v. Vagliano Bros., L. R. (1891) App. Cases, 107.

The appellee's position in this case is that the appellant company is liable, not because it negligently trusted a stranger who proved to be an impostor, but rather because the physical and visible person who stood before the drawer bank, with whom it dealt and to whom it delivered its check, is the person to whom it intended the appellee bank should pay: Smith v. Mechanics, etc., Bank, 6 La. Ann. 610 ; Levy v. Bank of America, 24 La. Ann. 220 ; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46.

As between two innocent parties the loss must rest upon him who by his carelessness or negligence first gave credence to the artifice and thus makes possible the perpetration of the fraud : States v. First Nat. Bank, 203 Pa. 69 ; First Nat. Bank v. American Exchange Nat. Bank, 49 App. Div. 349 (63 N. Y. Supp. 58).

OPINION BY MR. JUSTICE BROWN, March, 20, 1905 :

This judgment cannot be disturbed unless we overrule Land Title and Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230. When the opinion in that case was delivered by our Brother FELL it expressed the view of the majority of the court, as then constituted, after a most careful consideration of the question involved ; and it is approved by a majority of the court as now composed, who have also duly considered the question on what is really a reargument of it on this appeal. We do not feel called upon to say more of the opinion of Justice FELL, which, in a manner satisfactory to us, clearly expresses our views. In the note to the report of the case in 50 L. R. A. 75, there will be found numerous cases sustaining and vindicating it, the justified comment of the annotator

being, " It is apparent from the foregoing cases that the drawer of a check, draft or bill of exchange, who delivers it to an impostor, supposing him to be the person whose name he has assumed, must, as against the drawee or a bona fide holder, bear the loss where the impostor obtains payment of, or negotiates, the same."

The only fact not developed on the first trial, which was proved on the second, was that the check was taken to the banking department of the institution by the person to whom it had been delivered and payment demanded. The paying teller refused to pay it unless the person presenting it was identified, whereupon the latter said he would deposit it in his own bank. This was the person to whom the settlement clerk of the appellant had handed the check, intending to designate him as the payee, and the appellee, which had no knowledge of the teller's refusal to pay unless the holder of the check was identified, is not to be affected by such refusal, any more than if the check had been presented at another bank and payment had been refused for the same reason ; for the banking department of the trust company must be regarded as separate and distinct from that which issued the check. It was what the appellant did at the time it handed the check to the impersonator of Bissey that stands in the way of its recovery from the appellee, which paid the check to the indorsee of the person to whom the appellant had issued it as its payee. It is not seriously argued that the refusal of the paying teller to pay without identification materially changes the situation.

The judgment is affirmed.

DEAN and POTTER, J. J., dissenting.

We dissent from the judgment of the majority of the court in this case on the grounds set out in the dissenting opinion filed when the case was first before us.