# Pennsylvania Mutual Life Insurance Company *v.* North Penn Bank, Appellant.

*Banks and banking—Principal and agent—Check—Forgery of endorsement.*

Where an insurance company draws a check in payment of a policy and sends it to its agent in another city to be delivered to the payee, and the agent fraudulently procures a woman to impersonate the payee to a bank at which the check is presented, identifies such woman as the payee, and the woman endorses the check in the name of the payee, and the agent also endorses it with his own name after the woman's endorsement, the bank upon which the check is drawn will be liable for the loss to the insurance company, if it appears that the agent had no other authority from his company than to deliver the check to the payee named therein.

It is not within the apparent scope of the authority of an agent to whom a check is sent for delivery to a payee, to procure a fraudulent endorsement of the payee, add his own signature as evidence, and thus render the payment of the check a valid charge upon the account of his principal.

Argued Oct. 16, 1917. Appeal, No. 248, Oct. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1916, No. 4977, on verdict for plaintiff in case of Pennsylvania Mutual Life Insurance Company v. North Penn Bank. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit against a bank for the alleged wrongful payment of a check. Before DAVIS, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $531.60. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v.

*Frank A. Chalmers,* with him *J. Hector McNeal* and

*Simpson, Brown* and *Williams,* for appellant.—Story's authority to deliver the check necessarily included the authority to select and identify the payee: Adams Express Co. v. Schlessinger, 75 Pa. 246; Brooke v. N. Y., Lake Erie & Western R. R. Co., 108 Pa. 529; Independent B. & L. Assn. v. Real Est. Trust Co., 156 Pa. 181; DeTurck v. Matz, 180 Pa. 347; McCullough v. Hartford Fire Ins. Co., 2 Pa. Superior Ct. 233.

The fraud committed by Story against the defendant bank was not the ordinary risk which the bank assumes in its implied contract with its depositor: Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46; Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230; Snyder v. Corn Exchange Nat. Bank, 221 Pa. 599; Marcus v. People's Nat. Bank, 57 Pa. Superior Ct. 345; Second Nat. Bank of Pittsburgh v. Guarantee T. & S. Dep. Co., 206 Pa. 616.

*Joseph Gilfillan,* of *Graham & Gilfillan,* with him *Richard T. McSorley* and *William J. Brady,* for appellee, cited: Robb v. Penna. Co., Etc., 3 Pa. Superior Ct. 259; McNeely Co. v. Bank of North America, 221 Pa. 588; Girard Trust Co. v. Boyd, 45 Pa. Superior Ct. 285; Second National Bank of Pittsburgh v. Guarantee Trust & Safe Dep. Co., 206 Pa. 616.

OPINION BY PORTER, J., July 10, 1918:

The plaintiff company was a depositor in the defendant bank and, on February 5, 1916, drew a check upon the bank payable to the order of Fannie Goetz, the beneficiary in a policy upon the life of Leo M. Goetz. The check was drawn after the plaintiff company had received proofs of death which had been forwarded by its local superintendent at Erie, W. D. Story, and was sent to Story to be delivered to Mrs. Goetz, the beneficiary named in the policy. The check was presented to the Security Savings & Trust Company, of Erie, by a woman who was accompanied by Story and by him identified as

the payee, and the woman endorsed the name of Fannie Goetz upon the check and received from the trust company the amount thereof. The Security Trust Company then sent the check to its correspondent at Philadelphia and it was paid by the defendant bank, which charged the amount to the account of the plaintiff. It was subsequently discovered that Leo M. Goetz, the assured, was still alive and that the endorsement of Fannie Goetz was forged. The plaintiff thereupon promptly notified the defendant bank and requested the bank to credit its account with the amount of the check, or cancel the charge of said amount which had been made when the check was paid, which the defendant refused to do. The plaintiff thereupon brought this action and recovered a judgment in the court below, from which the defendant appeals.

The verdict of the jury conclusively establishes the fact that the endorsement of Fannie Goetz, the payee of the check, was forged. There can be no question, under the evidence, that when the trust company at Erie paid the amount of the check to the woman who forged the name of the payee, it did so upon the representation of Story that the woman was Fannie Goetz, and Story individually endorsed the check after the signature of the payee had been forged. The trust company relied wholly upon the representation of Story and the legal principles here applicable are precisely the same as if Story had himself forged the endorsement of the payee, added his own endorsement and thus procured the money from the trust company, without taking any woman to the bank with him. Fannie Goetz was not a fictitious person, she was a person to whom this plaintiff had contracted to pay money upon the happening of a certain contingency, and the plaintiff company believing that that contingency had happened sent the check payable to her order to its agent for delivery to her. Story was not authorized to draw the money on the check and pay it to her. Story was the agent of the company for the pur-

pose of soliciting insurance and collecting premiums and paying the same over to the company. When a death occurred the proofs of loss were submitted to the company and if found to be satisfactory the company sent to him a check payable to the order of the bene-ficiary and with the delivery of the check his authority as an agent ceased. If Story had fraudulently procured proofs of death and the company had sent him a check payable to the order of the beneficiary and he had de-livered that check to the beneficiary, the action, although fraudulent, would have been within the apparent scope of the agency, and the check would have been a valid ob-ligation of the insurance company in the hands of any holder who took it without notice of the fraud. There was no evidence in this case which would have war-ranted a finding that Story was a general agent of the company, that he had authority to sign a check or any other obligation of the plaintiff or that he had authority to make any representation to any bank with regard to the business of the company.

It is a very common incident of the business of an in-dividual, a bank or other corporation, to draw a check or draft payable to the order of some particular person and give or send it to some messenger or agent for de-livery to the payee. If that messenger or agent forges or causes to be forged the endorsement of the payee and then adds his own endorsement and, directly or indirect-ly, secures payment of the check or draft by the bank upon which it is drawn, can it be held that that payment is a valid charge against the account of the drawer? In the absence of any evidence of fraud or negligence upon the part of the maker of the check it cannot be. A bank's contract with its depositors is to pay only upon genuine endorsements, and in the absence of any evi-dence of fault or neglect upon the part of the depositor, as in entrusting a check to one he has reason to suppose will make fraudulent use of it, or in so carelessly filling up his check that it may be readily altered, or in issuing

a check to a fictitious person, the rule must be enforced: Land Title & Trust Co. v. Northwestern National Bank, 196 Pa. 230 and 211 Pa. 211.

This case cannot be distinguished upon principle from that of Second National Bank v. Trust Company, 206 Pa. 616. In that case a beneficial association had drawn a check payable to the brother of a beneficiary and sent it to an agent of the association for delivery to the payee; the agent forged the endorsement of the payee, added his own endorsement, the trust company paid the draft and collected the amount from the bank upon which it was drawn. It was subsequently discovered in that case, as in this, that the proofs of death were fraudulent, the member of the order was still living and the endorsement of the payee upon the draft was forged. The bank thereupon credited the account of the association with the amount of the draft which had been improperly paid and brought an action against the trust company and was held entitled to recover. The action of the agent of the beneficial association in that case was almost identical with the proceedings of Story, the agent of this plaintiff. If the payment by the bank in the present case can be sustained against this insurance company, then the payment by the bank in that case was good against the beneficial association. The bank upon which the draft was drawn, in Second National Bank v. Trust Co., supra, was the depository of the beneficial association and had in its hands sufficient money to meet the draft. If it was a valid charge against the account of the association the bank would certainly not have been entitled to recover upon the endorsement of the trust company. That case certainly means that it is not within the apparent scope of the authority of an agent to whom a check is sent for delivery to a payee to forge the endorsement of the payee, add his own signature as endorser, and thus render the payment of the check a valid charge upon the account of his principal. There is not in this case any evidence of fault or negligence

upon the part of the plaintiff and it is not necessary to discuss in detail the numerous assignments of error.

The judgment is affirmed.