Reimel *v.* Northwestern Trust Co. et al.,
Appellants.

504

Argued November 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Morris Dalton,* with him *Augustus F. Daix, Jr.,* for Northwestern Trust Co., appellant.—Plaintiff was guilty of laches.

One having sufficient knowledge to lead him to a fact is deemed to be conversant therewith and chargeable with laches in failing to act thereon: Jaques v, Weeks,

7 Watts 261; Maul v. Rider, 59 Pa. 167; Hottenstein v. Lerch, 104 Pa. 454; Tabor Street, 26 Pa. Superior Ct. 167; Marks v. Savings Bank, 252 Pa. 304; Wolfgang v. Shirley, 51 Pa. Superior Ct. 65.

It is well settled that where one of two innocent persons must suffer by the acts of a third, he who has enabled such a third person to occasion the loss must sustain it: Robinson v. Justice, 2 P. & W. 19; Beaupland v. McKeen, 28 Pa. 124; Hill v. Epley, 31 Pa. 331; Chapman v. Chapman, 59 Pa. 214; Mullingar v. Sorg, 61 Pa. 471; Miller's App., 84 Pa. 391; Putnam v. Tyler, 117 Pa. 570; Redmond v. Excelsior Saving Fund & Loan Assn., 194 Pa. 643; Logan v. Gardner, 136 Pa. 588; Xander v. Com., 102 Pa. 434.

*Samuel K. White*, of *Peck & White*, for North Philadelphia Trust Company, appellant, cited: Connors v. Bank, 245 Pa. 97; Marks v. Bank, 252 Pa. 304.

*Raymond A. White, Jr.*, with him *Stanley B. Rice* and *Maurice W. Sloan*, for appellee.—The negligence which defendant is attempting in this case to fix on plaintiff cannot possibly be for delay in notifying the bank of the forgery after the forgery had been discovered because Miss Reimel did not know of the existence of a check nor of her endorsement forged thereon until she was shown the check when she visited the bank in July, 1926. She then immediately stated to the bank officials that her signature was a forgery; this was sufficient: Morris & Bailey Steel Co. v. Bank, 277 Pa. 81; Lesley v. Ewing, 248 Pa. 135.

OPINION BY MR. JUSTICE WALLING, January 6, 1930:

In 1923, the plaintiff, Theresa E. Reimel, being the owner of certain properties on West Ontario Street, Philadelphia, placed them in charge of one Frank McDougall, a real estate agent, with offices in that section of the city. Early in the summer of 1924,

McDougall, as agent for plaintiff, contracted to sell one of the properties, viz.: 721 West Ontario Street, to Mr. and Mrs. Henry Wahl, for $4,000, and gave plaintiff $100 as hand money. The settlement was to be and was made at the bank of the Northwestern Trust Company, the defendant. Plaintiff executed the deed which Mc-Dougall prepared and which he took to the bank and delivered to the purchasers on September 19, 1924, that being the day of settlement, and plaintiff not being present. At this time the purchasers paid cash in full for the property, the same being deposited in that bank, and its treasurer, to close the deal, then gave a check on the bank for $4,262.05, payable to the order of Theresa E. Reimel. The check, which included certain charges in addition to the $4,000, was handed to McDougall, who forged plaintiff's name thereon, also endorsed his own, and the proceeds were credited to his account in the North Philadelphia Trust Company. The latter also endorsed the check and defendant paid it in the regular course of business. McDougall falsely reported to plaintiff that he had taken a $2,500 mortgage in part payment, which he had left for record and, that owing to rush of business, it might be about a year before he could get it back for her. He also paid her $676.09 on account of the purchase money and promised to but never did pay the balance. He, however, made her two semiannual payments of interest on the supposed mortgage and put her off by repeated excuses and promises to close up the transaction.

The proof is not clear whether plaintiff expected all cash for the property or part in a mortgage. In any event, she had confidence in McDougall until she failed to get the mortgage or further interest thereon or a final settlement; then, in July, 1926, she made an investigation and found no mortgage had been given and that her name had been forged on the check and its proceeds misappropriated. She notified the defendant bank of the forgery and, on its refusal to pay her the amount of

the check, brought this suit. The North Philadelphia Trust Company, having guaranteed the endorsements, intervened as a defendant, and has also brought an appeal.

Plaintiff testified that, when in July, 1926, she discovered the forgery, she immediately gave the defendant bank notice thereof. The defense offered evidence that such notice was not received until the following December. The trial judge instructed the jury, in substance, that if plaintiff gave defendant notice of the forgery on her discovering the same in July she was entitled to recover, but if she did not give such notice until December the verdict should be for defendant. The verdict for plaintiff for the amount of the check, less what McDougall had turned over to her, settled the question of fact as to when the notice was given.

Defendant, on this appeal by it, contends, however, that plaintiff was guilty of such negligence in failing to make an earlier discovery of the forgery as to relieve it from liability. Negligence is never presumed and the burden of proof thereof here was on the defendant, for without such proof it could not prevail upon that branch of the case. The facts relied on to meet this burden were brought out in plaintiff's own testimony, and consisted largely in her failure to force a settlement with her real estate agent for nearly two years, although he had paid her only $679.09 and one year's interest on the supposed mortgage, on account of the sale. She also testified she thought the trust company would mail her a check. The record is silent as to when or for what amount or on what account she expected the check. Whether she intended to convey the idea that she expected it for the full consideration of the sale, or for the balance less the mortgage and amount paid her by McDougall, if either, is uncertain. That remark was not responsive to any question and was too indefinite upon which to base a finding. Had she said she expected a check for the $4,000 on day of settlement it would have

been important. To judge of her conduct her entire testimony must be considered, including the statements that McDougall continually put her off with promises of settlement, payments of interest on the alleged mortgage, etc., and that as soon as she became suspicious of his wrongdoing she made inquiry and on discovery of the forgery promptly reported the same to the defendant.

McDougall, being guilty of the forgery, would naturally conceal his crime from the plaintiff. Hence, although he was her agent, notice to him was not notice to her: National Union F. Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212; United Security, etc., Co. v. Bank, 185 Pa. 586. The proof, taken as a whole, did not warrant a finding that plaintiff was negligent in failing to make an earlier discovery of the forgery. Plaintiff was not bound to disbelieve her agent or to suspect him of wrongdoing and she would not be guilty of negligence merely because he deceived her by plausible excuses and promises. She could not be expected to go out and search for proof against him until she knew something to justify it. There being no conflict in the proof on the question of plaintiff's alleged negligence in failing to make an earlier discovery of the forgery, the trial judge did not err in treating it as one of law, and in refusing to submit it to the jury. If he erred at all, it was in favor of defendant. Plaintiff was not a depositor with defendant, whose duty it was to examine returned checks and promptly notify the bank of alterations on the face of the check, or forgeries of her signature as drawer (Myers v. Southwestern Nat. Bank, 193 Pa. 1; McNeely v. Bank of North America, 221 Pa. 588), but not of forgeries of endorsements thereon: United Security Co. v. Central Nat. Bank, 185 Pa. 586. The fact that defendant is a bank adds nothing whatever to plaintiff's duty or liability. The true rule as between these parties is that expressed in Com. v. Moltz, 10 Pa. 527, which has been steadily followed by us to as late as Osterling v.

Frick, 284 Pa. 397, 405. Moreover, in the instant case, even on defendant's theory, plaintiff had no prior knowledge of the controlling facts.

The other questions raised do not seem to require discussion. The trial court could not properly have taken the case from the jury and did not abuse its discretion in refusing a new trial.

The judgment is affirmed.