Huber Investment Company to use *v.* The Philadelphia Nat. Bank (Corn Exchange Nat. Bank & Trust Company, Appellant.)

Argued October 23, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*David H. Frantz,* and with him *Philip Wallis,* of *Drinker, Biddle & Reath,* for appellant.

*Thomas S. Lanard,* for appellee.

Opinion by Baldrige, J., February 1, 1935:

The Huber Investment Company, a depositor of the Philadelphia National Bank (hereinafter called bank), drew its check on that institution, in the sum of $400, which, through a clerical error, was made payable to the order of Helen C. Daly instead of Helen C. Bailey, present use-plaintiff. The investment company delivered the check to one, Charles J. Roveran, in connection with financing an automobile transaction, in which Helen C. Bailey was interested. Roveran forged the name of the payee and had the check cashed by S. C. Lownes & Co., who endorsed and deposited it in the Corn Exchange National Bank and Trust Company (hereinafter called Corn Exchange). The Corn Exchange, having guaranteed all prior endorsements, endorsed the check, put it through the proper channels, and made collection from the bank as drawee. Suit was brought by the use-plaintiff, to whom the Huber Investment Company, the legal plaintiff, assigned all its right, title and interest and causes of action against the drawee bank. The statement of claim, with the check attached thereto and made part thereof, alleged the improper payment by the bank to another of the check belonging to the use-plaintiff, and the right of the use-plaintiff to recover, by virtue of the terms of the check, the amount thereof. The bank brought the Corn Exchange into the suit by sci. fa. proceedings, under the Act of April 10, 1929, P. L. 479, §1, as amended by the Act of June 22, 1931, P. L. 663, §2, as first added defendant, alleging that the Corn Exchange was liable over to it. The Corn Exchange admitted in its affidavit of defense all the averments in the sci. fa. The added defendant, by similar proceedings, brought into the suit, as second added defendant, S. C. Lownes, trading as S. C. Lownes & Company, on the grounds of liability over. Judge Crane, sitting in the municipal court without

a jury, found in favor of the original defendant, and for the plaintiff against the first added defendant.

The sole question involved is the legality of the court's action in holding the first added defendant liable after finding no liability against the original defendant.

Section 2 of the Act of 1931, supra, (12 PS §141) provides: "Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or such other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability.

"Upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendant."

If we had the original statute alone to construe, under the case of Vinnacombe et al. v. City of Phila., 297 Pa. 564, 567, 147 A. 826, we would sustain, unhesitatingly, the appellant's contention that a judgment can not be directly entered in favor of the plaintiff against an additional defendant where the original defendant is held not liable. The legislature, in 1931, however, saw fit to enlarge the powers of the court, so that an additional defendant alone may be held to be primarily liable to plaintiff. It is very evident that the amendment was a further effort by the legislature to simplify and expedite the trial of actions by getting all parties involved on the record, and then giving the courts broad powers in endeavoring to do substantial justice under equitable principles.

The case of First National Bank of Pgh. v. Baird, 300 Pa. 92, 101, 150 A. 165, dealt with the original Act of 1929, and reaffirmed the decision in the Vinnacombe case. But Mr. Justice Simpson there said: "In all civil litigation, the trial courts, at least to the extent that they are not inhibited by statute, have the power to control the procedure so as to attain 'justice without sale, denial or delay' ...... The only limitation on the trial judge's power in this respect is that whatever course is taken must be 'according to equitable principles.' That is, it must be just and fair from the standpoint of equity and good conscience." The same justice, speaking for the court in Com. ex rel. v. Great American Indemnity Co., 312 Pa. 183, 188, 167 A. 793, again emphasized the modern trend of the courts to subordinate the importance of the pleadings to the determination of the merits of the controversy: "...... courts are organized to do justice, in so far as this can be done, and that pleadings are not instruments to enable them to defeat it."

We think the general principle thus expressed is peculiarly applicable to this particular case. If we accept appellant's contention, the use-plaintiff, who has a meritorious claim, would be without redress as she did not take an appeal, due, no doubt, to her having a judgment against a perfectly responsible institution, and the appellant, who, under its endorsement, should be held to be ultimately liable, would be entirely relieved of any financial responsibility. Such a technical enforcement of a formal right should not prevail, especially if it results in defeating a substantial claim. The trial judge should have found for the plaintiff against the original defendant, and in favor of the original defendant against the first added defendant, etc. That is the proper procedure. This controversy then would have been avoided. It thus appears that if the court had entered the correct judg-

ment, the appellant would have been exactly in the position of liability that it now is, except that it would have had to respond to the bank, and it, in turn, would have been liable to the plaintiff. Consequently, the appellant really was not prejudiced.

Taking into consideration the plaintiff's strong equities, the admitted liability of the appellant to the original defendant, together with the trial judge's broad authority over pleadings and procedure, we are all of the opinion that the judgment should be sustained.

Judgment is affirmed.