## Boosel *v.* Agricultural Insurance Company, Appellant, et al.

Argued April 17, 1935.

Before KELLER, P. J., CUNNINGHAM, BAL-
DRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Zeno F. Henninger,* for appellant.

*J. Campbell Brandon, W. D. Brandon* and *F. Clair
Ross,* for appellee, were not heard.

OPINION BY KELLER, P. J., July 18, 1935:

We affirm the order of the court below granting a
new trial, but approve of only two of the three reasons
assigned by the court.

The plaintiff, Walter E. Boosel, brought this action
in assumpsit against Agricultural Insurance Company
to recover for a loss by fire under a policy of insur-
ance. The insurance company put in two inconsistent
defenses. The first need not be referred to at much
length. The agent who countersigned and issued the
policy was the authorized agent of the defendant insur-
ance company within the Act of May 17, 1921, P. L.
682, Sections 501, 522. The second was that the insur-
ance company had paid plaintiff for the loss by its
check, duly issued to him for the full amount of insur-
ance on the policy item destroyed, which check had
been endorsed by the plaintiff, and collected from the
drawee bank. The plaintiff replied denying that he
had been paid, or had received or endorsed any check

in payment of said loss, and averred that if his signature appeared as an endorsement on said check it had been forged.

The insurance company thereupon brought in the Butler Savings and Trust Company as an additional defendant, under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 662, averring that the latter was liable over to it for the amount of the check, because the trust company had guaranteed the signature of Boosel endorsed as payee on the check.

At the trial, the jury were instructed that if they found that Boosel's signature as endorser on the check had been forged, they should find a verdict in favor of the plaintiff and against the Butler Savings and Trust Company; and they returned a verdict accordingly in favor of the plaintiff and against the Butler Savings and Trust Company for the full amount of the claim, as represented by the check as aforesaid.

The court subsequently granted a new trial.

If the plaintiff never received or accepted the check, he had no right of action whatever against the Butler Savings and Trust Company. His rights were solely against the insurance company. The Act of 1931 does not warrant a cutting across lots and entering judgment in favor of a plaintiff against a defendant, as to whom the plaintiff had no right of action at all. In such case the proper course is to render a verdict in favor of the plaintiff against the original defendant and, if the facts warrant it, another verdict in favor of the original defendant against the additional defendant. The rule is different where the plaintiff has a right of action against the additional defendant. In such case the amendatory act of 1931 permits a judgment in favor of the plaintiff against the additional defendant, as if the latter had been sued by the plaintiff. In the present case, however, if the check was

404

not delivered to the plaintiff, as he averred, the Butler Savings and Trust Company was not liable in any amount to him, and, therefore, if the endorsement of Boosel to the check was found by the jury to have been forged, a verdict should have been rendered in favor of the plaintiff against the insurance company for the amount of his loss, $800, with interest; and if the jury also found that the insurance company had notified the trust company of the forgery, promptly after it discovered it, and was not guilty of negligence causing loss to the trust company, (Penna. Mutual Life Ins. Co. v. Real Estate-Land Title & Trust Co. et al., 116 Pa. Superior Ct. 81, 87, 176 A. 747; Union Nat. Bank v. Franklin Nat. Bank, 249 Pa. 375, 383, 94 A. 1085; United Security, etc. Trust Co. v. Central Nat. Bank, 185 Pa. 586, 40 A. 97), then it should have rendered a verdict in favor of the insurance company and against the trust company for the amount of the check with interest. The fact that the person guilty of forging the endorsement was an agent of the insurance company would not preclude its right to recover. Forgeries are very generally made by agents or employees of the party whose name is forged, and a bank cannot escape liability for paying a forged check or guaranteeing a forged endorsement, merely by setting up that the forger was an agent of the injured party. He was not an agent or employee for that purpose. Forging checks or endorsements was not within the scope of his agency or employment: Penna. Mutual Life Ins. Co. v. North Penn Bank, 70 Pa. Superior Ct. 34; Reimel v. Northwestern Trust Co., 298 Pa. 503, 148 A. 706; National Union Fire Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212, 119 A. 910; United Security, etc. Trust Co. v. Central Nat. Bank, supra; Penna. Mut. Life Ins. Co. v. Real Estate-Land Title & Trust Co., supra; Union Nat. Bank v. Farmers & Mechanics Nat. Bank, 271 Pa. 107, 114 A. 506; Egan, Admr. v. U. G. I. Co., 319 Pa. 17, 178 A. 683.

Of course, if the endorsement of Boosel on the check was not forged, but was procured by the fraud or wrongdoing of the insurance company's agent, the Butler Savings and Trust Company would not be liable over to the insurance company.

Our decision in Huber Investment Co. v. Phila. Nat. Bank et al., 116 Pa. Superior Ct. 380, 176 A. 751, is not authority for reversing the present order granting a new trial. There were special circumstances of hardship and injustice, which would have attended a reversal in that case, that led us to refuse to disturb a judgment on a verdict that was not wholly consistent. But the court below cannot be criticized for doing what the lower court in that case might properly have done, viz., granting a new trial.

The order is affirmed.