## Stack v. Latimer et al.

*E. Herman Fuiman*, for plaintiff.
*John J. McDevitt, Jr.*, for defendant.
*E. Herman Fuiman*, for additional defendant.

DAVIS, P. J., April 14, 1936.—This is an action in trespass to recover damages for personal injuries sustained by the plaintiff. The plaintiff's statement of claim was

filed on September 26, 1935. The defendant caused to be issued a sci. fa. summoning Annabelle Stack as added defendant, averring that the said Annabelle Stack is jointly or severally liable with said defendant for the cause of action declared on, and setting forth, more in detail, that the negligence of Annabelle Stack is the cause of the injury to the plaintiff. On December 23, 1935, Annabelle Stack, the added defendant, filed a counterclaim against the original defendant, averring "that she has a full and complete defense to the claim of the defendant," and further alleging "that said defendant is liable to her upon a cause of action as set forth in the counterclaim". On January 20, 1936, the defendant filed a motion for a rule to strike off the added defendant's affidavit of defense and counterclaim. On March 7, 1936, the defendant filed an affidavit of defense in lieu of a demurrer, raising questions of law, which is now before us.

The Act of April 4, 1929, P. L. 140, amending section 13 of the Practice Act of May 14, 1915, P. L. 483, provides, inter alia:

· "The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

It is clear that this amendment was intended to give to the defendant in such actions the right, in addition to denying negligence on his own part, to set up against the plaintiff a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based. The Act of June 22, 1931, P. L. 663, does not affect the status of the original defendant and the added defendant. The added defendant here is not a party plaintiff to an action against the original defendant. The court

would not be warranted in sustaining a verdict on a counterclaim by the added defendant against the original defendant where the plaintiff sets forth no right of action against the added defendant. Neither the Act of 1929, supra, nor the Act of 1931, supra, warrants cutting across lots and entering judgment in favor of the plaintiff against a defendant as to whom the plaintiff has no right of action at all: Boosel v. Agricultural Ins. Co. et al., 118 Pa. Superior Ct. 400.

The right of action as to set-off is statutory and cannot be extended nor enlarged. As was said in First National Bank of Pittsburgh v. Baird, 300 Pa. 92, 96, "the statute must be so construed as to effectuate the legislative purpose, and not to accomplish something not intended."

In the instant case, the original defendant merely avers that it is not liable to the plaintiff in the action, but that, if there is a liability, it is against the added defendant.

We are of opinion that the right of the added defendant to file a counterclaim against the original defendant does not come within the intent and meaning of the Act of 1929 nor the Act of 1931, above referred to. We do not here decide that the added defendant has no right of action against the original defendant for any injury sustained by him, but only that such action cannot be maintained by a counterclaim against the original defendant.

We cannot enter judgment for the original defendant under the facts set forth in the counterclaim filed by the added defendant, as that would be definitive of her right to recover at all. We are of opinion that the better practice would be a rule to strike off the added defendant's counterclaim. Upon examination of the record, we find that the rule to strike off the additional defendant's counterclaim was withdrawn as of February 24, 1936.

In view of our opinion above stated, the defendant's rule to strike off the added defendant's counterclaim is reinstated and is now made absolute.