## UNITED STATES GUARANTEE CO. v. ELKINS et al.

### No. 7000.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1939.

Writ of Certiorari Denied Dec. 4, 1939.

See 60 S.Ct. 262, 84 L.Ed. ——.

Rawle & Henderson, of Philadelphia, Pa. (Joseph W. Henderson and Thomas F. Mount, both of Philadelphia, Pa., of counsel), for appellant.

Harry E. Sprogell and Earl G. Harrison, both of Philadelphia, Pa. (Saul, Ewing, Remick & Saul, of Philadelphia, Pa., of counsel), for appellees.

Before BIGGS, MARIS, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

Grace Pezich, a maid in the employment of Priscilla E. Ferris, stole from her mistress a certificate for 100 shares of American Can common, registered in Mrs. Ferris' name, forged Mrs. Ferris' name as an endorsement on the certificate, and, representing herself to be Mrs. Ferris, caused the certificate to be sold through Elkins, Morris & Company, who guaranteed the forged signature. A check for the proceeds, drawn upon Fidelity-Philadelphia Trust Company, to the order of

Mrs. Ferris, was delivered to Pezich, who forged an endorsement on it and opened an account at the Frankford Trust Company. The money was withdrawn and spent.

Elkins, Morris & Company had two indemnity bonds, one with the defendant United States Guarantee Company, known as a "Depositor's Forgery Bond"; and another with Indemnity Insurance Company of North America, the use plaintiff, known as a "Securities Bond". The Indemnity Company paid Elkins, Morris & Company the loss, took an assignment of their rights under the Forgery Bond, and brought suit on the Forgery Bond against the Guarantee Company to recover the net loss, $10,669.47. The case was tried before Judge Dickinson without a jury on stipulated facts, and he found in favor of the plaintiff for the amount claimed. The defendant took this appeal.

The substantial question is as to which bond covered the loss. The Forgery Bond, the one sued on, indemnified "against any losses * * * sustained through the payment * * * of any check * * * drawn by * * * the Insured * * * upon which the signature of any indorser thereof shall have been forged. * * *" The Securities Bond, on the other hand, indemnified against "direct losses sustained by the Insured by reason of having * * sold as broker or agent for another any securities (defined to include stock certificates) * * * which shall have been sold under forged * * * endorsements." Did the loss result from payment of the forged check, or from the sale of the certificate under a forged endorsement? When Elkins, Morris & Company sold the stock their liability to the owner at once arose, but there had been no loss. The stock had been dropping in value and could have been repurchased out of the proceeds and returned to the owner without loss. But when the check was deposited by the forger, the proceeds were dissipated, the loss had occurred. The immediate and proximate cause of the loss was the forged endorsement of the check, specifically covered by the Forgery Bond.

But, argues the Guarantee Company, this was not a forgery under the doctrine of the so-called "impostor" cases, Land Title & Trust Company v. Northwestern Nat'l Bank, 196 Pa. 230, 46 A. 420, 50 L. R.A. 75, 79 Am.St.Rep. 717; Id., 211 Pa. 211, 60 A. 723, 107 Am.St.Rep. 565; Market Street Title & Trust Co. v. Chelten Trust Co., 296 Pa. 230, 145 A. 848; Commonwealth v. Globe Indemnity Co., 323 Pa. 261, 270, 185 A. 796; North Philadelphia Trust Company v. Kensington National Bank, 328 Pa. 298, 196 A. 14, because Elkins, Morris & Company intended Pezich (although they mistook her identity) to get the check. But those cases have no bearing here. They apply only where the drawer of a check is precluded from claiming, as against the person he has ordered to pay it, that the signature was false. Such a defense would have been available if Elkins, Morris & Company had sued Fidelity-Philadelphia Trust Company.

We conclude that the judgment must be affirmed.