## Wallace et ux. v. City of Philadelphia et al.

*Clinton A. Sowers*, for plaintiffs.

*Francis F. Burch*, for defendant.

*Frank R. Ambler*, for additional defendant.

SLOANE, J., December 5, 1940.—Plaintiffs sued the city to recover damages after the wife plaintiff stumbled over a hole in a public sidewalk.

The city filed an answer denying liability; and petitioned to join, as additional defendants, Peter Jones, possessor, and Sara A. O'Neill, owner, of the premises. The basis of joinder is liability over.

The owner filed an answer to the petition, averring that the property was leased to Jones when the accident occurred and that under the lease Jones was liable for defects in the sidewalk.

Plaintiffs filed a supplementary statement of their cause of action as to the owner directly, on the ground that the hole existed for at least a year before the execution of the lease and that the owner failed to remedy that defect.

The owner has filed an affidavit of defense in lieu of a demurrer to the supplementary statement, contending

that plaintiffs have no right to plead a direct cause of action against an additional defendant who has been joined on the ground of liability over. Whether plaintiffs can act as they did is our main question.

Preliminarily, we dispose of plaintiffs' idea that the owner followed the wrong procedure in filing an affidavit of defense. Plaintiffs' counsel argued that the owner should have filed a motion to dismiss plaintiffs' supplementary statement of claim, adverting to Rule 2256 of the Pennsylvania Rules of Civil Procedure. This rule is new in the conduct of litigation, and we think should not be extended beyond its own confine. The rule shows such intention. It relates to the petition of a defendant to join an additional defendant, and gives the additional defendant a chance to attack "any defect of form or substance in either the petition or order . . ." It is Pa. R. C. P. 2258($b$) that is applicable to the situation we have here, and under that rule "upon the filing of such supplementary statement, the subsequent proceedings between the plaintiff filing such supplementary statement and the additional defendant shall be in conformity with the statutes and rules relating to pleading and practice between parties plaintiff and defendant in actions at law, except where otherwise provided by these rules." The owner proceeded properly in bringing forth the question by way of an affidavit of defense.

An owner can be sued separately for injuries from a defective sidewalk. The sanction of direct and primary responsibility is an approval to sue separately: Philadelphia v. Reading Co., 295 Pa. 183, 188; Philadelphia v. Merchant & Evans Co., 296 Pa. 126, 131; Bruder v. Philadelphia et al., 302 Pa. 378, 384; Fisher et ux. v. Philadelphia, 112 Pa. Superior Ct. 226; Wright et ux. v. Scranton et al., 128 Pa. Superior Ct. 185, 191. Plaintiffs, therefore, could have started their action against the owner alone. Or they could have started their action against the original and against one or both additional defendants: Williams v. Kozlowski et al., 313 Pa. 219,

225 (and see East Broad Top Transit Co. v. Flood, etc., 326 Pa. 353, 356). Plaintiffs selected the city as defendant; the city joined the owner and possessor. In this way the entire litigation is settled in the one action. If it is to be settled thus, plaintiffs ought to be able to assert their direct action against the owner if they have one. As we see it, that is the purpose of Rule 2258. In fact, if plaintiffs failed to file their supplementary statement of their cause of action against the owner, they would be barred "from any recovery against such additional defendant": Pa. R. C. P. 2258(c).

There was a time when plaintiffs' ability to recover directly against an additional defendant joined in this manner was doubtful. See Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564. Since the amendment of June 22, 1931, P. L. 663, to the Scire Facias Act of April 10, 1929, P. L. 479, there were decisions which indicated that judgment could be entered in favor of a plaintiff against an additional defendant, though the original defendant was held not liable: Huber Investment Co., to use, v. The Philadelphia National Bank, 116 Pa. Superior Ct. 380. And see Boosel v. Agricultural Ins. Co. et al., 118 Pa. Superior Ct. 400, 403. Now, with Rule 2258 before us, we conclude that in an action in which an additional defendant has been joined on any theory of liability plaintiff may aver a direct cause of action in a supplementary statement against an additional defendant arising from the same facts as the original cause of action, and which could have been asserted against the additional defendant were he the original defendant.

The whole object, after all, is to end the controversy of all parties in the one action. Any possible confusion or prejudice can be avoided at trial. See Pa. R. C. P. 213, and Huber Investment Co., to use, v. The Philadelphia National Bank, supra, p. 384.

The affidavit of defense of Sara A. O'Neill is not sustained; she may answer to the merits within 15 days hereof.