Sullivan *v.* Pittsburgh (et al., Appellants).

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellants.

*Emanuel Goldberg,* for appellee.

OPINION BY RHODES, J., July 27, 1942:

Plaintiff brought this trespass action against the City of Pittsburgh to recover damages for injuries sustained when she stepped into an opening between a wooden stairway and a concrete step adjoining the sidewalk. The city, by writ of scire facias,[1] brought upon the record as additional defendants the trustees for the

[1] The act in force at the time of suit was the Act of April 10, 1929, P. L. 479, §1, as amended, June 22, 1931, P. L. 663, §2, May 18, 1933, P. L. 807, No. 125, §1, and June 25, 1937, P. L. 2118, No. 428, §1, 12 PS §141. The amendatory Acts of 1933 and 1937 are not applicable to a determination of the question raised by additional defendants, and are not cited in the briefs.

Pittsburgh Railways Company, alleging, inter alia, that they were liable over to it for the cause of action declared on. No affidavit of defense was filed by the original defendant or the additional defendants. The additional defendants admitted that the Pittsburgh Railways Company owned, maintained, and controlled the stairway. The jury exonerated the city, and rendered a verdict in favor of plaintiff against the additional defendants. The additional defendants' motions for judgment n. o. v. and for a new trial, and plaintiff's motion for a new trial were refused. From the entry of judgment for plaintiff the additional defendants have appealed, and complain of the refusal of their motions.

The argument on behalf of additional defendants as summarized is that the pleadings were insufficient to support a verdict against them, that there is nothing in the facts alleged in the praecipe for the writ of scire facias which shows any basis for primary and secondary liability, that from the facts alleged in the writ there was no duty on the part of the city to repair the stairway nor was there any obligation on its part to see that the Pittsburgh Railways Company repaired it, and that on the averment of liability over in the writ a verdict rendered in favor of plaintiff and against additional defendants alone should not be permitted to stand.

The praecipe for the writ of scire facias alleged that the trustees for the Pittsburgh Railways Company were "liable over to it for the cause of action declared on ...... for the reason that the Pittsburgh Railways Company on July 5, 1938, negligently permitted the wooden stairway, owned, maintained and controlled by it, ...... to remain in a dangerous condition and hence [was] primarily responsible for the dangerous condition of the stairway, which plaintiff allege[d] caused the injury ......"

There is no error in verdict and entry of judgment against the additional defendants.

As plaintiff had a right of action against the additional defendants, the amendatory Act of June 22, 1931, P. L. 663, 12 PS §141,[2] permitted verdict and judgment in favor of plaintiff against the additional defendants as if the latter had been directly sued by plaintiff. *Huber Investment Co., to Use, v. Philadelphia National Bank et al.,* 116 Pa. Superior Ct. 380, 176 A. 751; *Boosel v. Agricultural Insurance Co. et al.,* 118 Pa. Superior Ct. 400, 403, 180 A. 21. See, also, *Moscon et ux. v. City of Philadelphia et al.,* 147 Pa. Superior Ct. 251, 24 A. 2d 30; *Clineff v. Rubash et al.,* 126 Pa. Superior Ct. 82, 85, 88, 190 A. 543.

The writ of scire facias operated not only as a method of bringing the parties into court, but also as a pleading. It must therefore state a good cause of action. *Nunamaker et al. v. Finnegan et al.,* 110 Pa. Superior Ct. 404, 409, 168 A. 482. But additional defendants' contentions should have been promptly raised in the court below if they contained any merit. See *Hoffman et ux. v. Repp et al.,* 337 Pa. 486, 12 A. 2d 311; *Lumen v. Paley et al.,* 342 Pa. 317, 20 A. 2d 752. The praecipe of the city plainly indicates the factual basis relied upon to establish the liability of additional defendants. They

---

[2] Section 2 of this act provides in part as follows: "Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability.

"Upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

do not deny their liability as found by the jury. Having gone to trial on the pleadings, the presence or absence of the city's secondary liability cannot affect the liability of the additional defendants to the plaintiff as established at the trial. In *Majewski et al. v. Lempka et al.*, 321 Pa. 369, 183 A. 777, the writ of scire facias, by which the additional defendants were summoned as parties, alleged sole liability as a legal basis upon which the additional defendants were liable. In that case a verdict holding the original and additional defendants jointly liable to plaintiff was sustained although the additional defendants contended that the court should have entered judgment n. o. v. In the opinion of the Supreme Court it was also said (at page 374) : "The legislation [Act of April 10, 1929, P. L. 479, as amended, June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, 12 PS §141] is remedial and is intended to avoid multiplicity of suits. The original defendant is given the opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated. ...... The very basis of the original defendant's procedure in the present case was the subsequent amendatory legislation, which broadened the scope of the original act." See, also, *Rudman et ux. v. City of Scranton et al.*, 114 Pa. Superior Ct. 148, 157, 173 A. 892; *Abraham v. National Biscuit Co.*, 3 Cir., 89 F. 2d 266.

The assignments of error are overruled.

Judgment is affirmed.