Hoffman et ux. *v.* Repp et al., Appellants, et al.

Argued January 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*J. W. Paff,* of *Smith & Paff,* for appellant.

*James B. McGiffert, E. G. Scoblionko, B. R. Stewart* and *Chidsey, Maxwell & Frack,* for appellees, were not heard.

PER CURIAM, March 25, 1940:

Plaintiffs, A. Larry Hoffman and Alice Hoffman, his wife, sued Orville Repp and Joseph H. Breen, to recover damages resulting from a collision, which it is alleged was caused by Repp's negligent driving of a truck in furtherance of Breen's business. On the basis of a claim that Hoffman was liable over to defendants for the reason that his negligence caused the accident, defendants issued a writ of scire facias under the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, May 18, 1933, P. L. 807, and June 25, 1937, P. L. 2118,* to bring the husband-plaintiff upon the record as additional defendant. The latter filed an affidavit of defense raising questions of law, asserting the writ of scire facias and the præcipe to be invalid upon their face in that they allege the additional defendant is liable over to the original defendants, but do not aver any facts sustaining such a legal conclusion, thereby failing to state any cause of action. This appeal is from the action of the lower court in sustaining the affidavit of defense raising questions of law.

It is well settled that a writ of scire facias is a pleading and must state a good cause of action: *Nunamaker v. Finnegan,* 110 Pa. Superior Ct. 404; *Grobel v. Miller,* 71 F. (2d) 503. In the present writ, no reasons are advanced which would support the allegation that the

---

* The act, as thus finally amended, reads in part: ". . . That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally or in the alternative liable therefor with him, or because any question or issue, relating to or connected with the subject matter of the litigation, is substantially the same as a question or issue arising between the plaintiff and defendant and should properly be determined, not only between the plaintiff and defendant and the additional defendant, or between any or either of them, with the same force and effect as if such other had been originally sued; . . ."

additional defendant "is liable over" to the original defendants. The facts set forth, if proved, would establish that the negligent driving of the former was the proximate cause of the accident, and would fasten him with direct responsibility. The averments are totally inconsistent with the assertion of liability over. Such duplicity is fatal to the statement of a valid cause of action: see *Bowers v. Gladstein*, 317 Pa. 520, 523.

Decree affirmed, at appellants' costs.