## The General State Authority, to use, v. United States Fidelity & Guaranty Company et al.

*Douglas D. Storey*, for plaintiff.

*F. Brewster Wickersham*, for original and additional defendants.

HARGEST, P. J., May 29, 1940.—This matter comes before us upon (1) a rule to show cause why defendant's præcipe for writ of scire facias and the scire facias to join an additional defendant should not be stricken from the record, and (2) a motion for judgment for want of a sufficient affidavit of defense.

The pleadings disclose that on June 17, 1939, a statement of claim was filed averring that the General State Authority (hereinafter called Authority) had entered into a contract with Noonan, Inc., for the building of additions to the State Hospital for Crippled Children near Elizabethtown, Lancaster County, Pa., and that on the day the contract was entered into Noonan, Inc., as principal, and defendant, as surety, executed and delivered to the Authority a labor and materialmen's bond for the payment in full of all material furnished or labor supplied in the prosecution of the work. Subsequent to the original contract, Noonan, Inc., entered into a subcontract with Jacob Lichter and Jennie L. Lichter, partners, trading under the name of Southern Fireproofing Company (hereinafter called Fireproofing Company), with their principal office in Cincinnati, Ohio. Beginning June 30, 1938, and ending about October 28, 1938, the use-plaintiffs, B. A. Myers and H. M. Myers, trading as Penn Clay Products Company (hereinafter called Products Company), supplied to the Fireproofing Company interior tile for the said work to the amount of $2,072.19, which was used by the Fireproofing Company, and there is a balance due from the Fireproofing Company and Noonan, Inc., of $363.94 which they have refused to pay the use-plaintiffs, for which the suit was brought.

On September 23, 1939, an affidavit of defense was filed averring that the material was shipped in pursuance of a contract entered into, partly oral and partly written, between the Products Company and the Fireproofing Company, and that the tile delivered was not in accordance with the agreement, and was rejected and returned to the use-plaintiff. Subsequently it was agreed between the parties that the tile should be accepted subject to the payment of "back charges" by the use-plaintiff, which "back charges" the use-plaintiff later refused to pay, and further acceptances of tile were refused by defendant, "as a result of which defendant was compelled to go into the open market and purchase other tiling which would conform to the contract and specifications set forth in paragraph 4 above, thereby incurring additional costs, damages and expenses in the sum of $1,020.77."

Paragraph 6 of the affidavit of defense avers that the Fireproofing Company "did accept certain of the tile shipped by the Penn Clay Products Company so that it is indebted to Penn Clay Products Company in the amount of $330.02, which sum is to be credited against the claim of the Southern Fireproofing Company against Penn Clay Products Company in the amount of $1,552.23 as set forth in paragraph 5 above."

On the same day that the affidavit of defense was filed, September 23, 1939, a præcipe for a writ of scire facias was filed to bring the Fireproofing Company on the record as an additional defendant, setting out somewhat more extensively the claim that the Fireproofing Company "was compelled to go into the open market and purchase other tiling," and thereby incurred additional costs in the sum of $1,552.33, and that, after deducting the $330.02 admittedly due the Products Company, the Fireproofing Company claims from the Products Company the sum of $1,222.31 with interest.

On October 2, 1939, plaintiffs filed a petition for a rule to show cause why defendant's præcipe and the writ of scire facias should not be quashed, alleging: (a) That the

rules of the Supreme Court for the joinder of additional parties, Pennsylvania Rules of Civil Procedure, Rule 2252, had suspended the statutes under which the defendant's præcipe was issued; (*b*) that no petition was presented for leave to join additional defendants as required by Pa. R. C. P. 2252; and (*c*) the time for filing such petition had expired August 19, 1939, as required by rule 2253 and rule 152 of this court.

1. The first and important question is whether the statutes of April 10, 1929, P. L. 479, June 22, 1931, P. L. 663, May 18, 1933, P. L. 807, and June 25, 1937, P. L. 2118, 12 PS §141, were in effect and available to plaintiff on September 23, 1939, when the præcipe for scire facias was issued.

(*a*) Pa. R. C. P. 2274 of this series provides: "These rules shall become effective on the fourth day of September, 1939, but shall not apply to actions pending at that time." And rule 2275 suspends the four acts of assembly just above referred to absolutely, "except as they apply to actions pending on the effective date hereof."

It is contended that the word "actions" in these rules means only the proceeding for bringing in the additional defendant and does not apply to the suit; that there is no action in which the additional defendant is involved until the proceeding to bring him in is started. This argument is based to some extent upon Pa. R. C. P. 2257, which is: "The answer shall be framed in the same manner and form as is required for the pleading of a defendant in an action of assumpsit"; and on Fisher et ux. v. City of Phila., 112 Pa. Superior Ct. 226, where the court, on page 232, refers to the right of the additional defendant to file an affidavit of defense "with respect to such matters as he would have to file an affidavit of defense, if a separate action were brought against him by the original defendant on the cause of action thus stated."

We are not persuaded that the Supreme Court and the Procedural Rules Committee intended the construction which plaintiff urges. The purpose of the proceeding is

to bring in an additional defendant. If the word "actions" is limited to apply only to petitions to bring in an additional defendant, then it is tantamount to saying that the proceeding by petition to bring in an additional defendant shall only apply where such action has already been had and the defendant brought in. Certainly the Supreme Court and the Rules Committee intended no such construction. The word "actions" must be interpreted to mean the original proceeding.

Pa. R. C. P. 2251 of this series is as follows: "As used in this chapter 'action' means any civil action or proceeding at law brought in or appealed to any court of record which is subject to these rules." The same definition is used in Pa. R. C. P. 2201 with reference to action for wrongful death. And Pa. R. C. P. 2224 of that chapter provides: "These rules shall become effective on the fourth day of September, 1939, and shall apply to actions pending at that time." It is clear that in the chapter for "actions for wrongful death", Pa. R. C. P. 2201 et seq., "actions" meant the suit. It would be a rather strained construction to say that precisely the same definition meant one thing in the rules with reference to "actions for wrongful death" and a different thing in the chapter for "joinder of additional parties."

The conclusion we have come to is in keeping with the opinion of Fronefield, P. J., in the case of Sands v. Downing & Perkins, Inc., 29 Del. Co. 198, in which it is said, referring to Pa. R. C. P. 2252: "It is clear that the word 'action' in this section refers to the plaintiff's suit", and Judge Marshall, in the case of McCaulley v. Thomas' Estate, 88 Pitts. 59, 63, referring to Pa. R. C. P. 2253, said: "However, this rule can be of no comfort to the additional defendant here inasmuch as that rule does not apply to actions pending on September 4, 1939."

Counsel for plaintiff disposes of both of these cases by saying: "In each opinion the learned judge merely states that the new rules do not apply; he gives no reason, or makes no argument"; to which we may add that in each

of these cases the learned judge may have felt very much as we feel, that the matter is perhaps too plain for reasoning and argument.

Counsel for plaintiff relies upon the recent case of Hoffman et ux. v. Repp et al., 337 Pa. 486. In that case the court said (p. 487) : "It is well settled that a writ of scire facias is a pleading and must state a good cause of action". There can be no question about this principle but every pleading is not an action, and our concern is what the word "action" includes. In the case just cited it is also said that there are no reasons stated in the scire facias which would support the allegation that the additional defendant "is liable over" to the original defendants, but, as we are about to point out, that is not the situation in the instant case under the Act of 1937.

It therefore follows that the statutes, and not the rules, were available to defendant to bring in an additional defendant.

Defendant in this case had no contractual relation with either the use-plaintiff, the Products Company, or the Fireproofing Company. Its contractual relation was with the General State Authority, but its contract was for the protection of, and to secure payment to, the persons who furnished materials for the work.

It is very questionable whether the Fireproofing Company is "alone liable or liable over to him [the original defendant] for the cause of action declared on, or jointly or severally liable therefor with him [the original defendant]," as required by the Acts of 1929, 1931, and 1933, but it is not necessary to determine that question. The Act of 1937, supra, authorizes the bringing in of an additional defendant for the reasons above given, and also in section 1:

". . . because any question or issue, relating to or connected with the subject matter of the litigation, is substantially the same as a question or issue arising between the plaintiff and defendant and should properly be determined, not only between the plaintiff and defendant and

the additional defendant, or between any or either of them, with the same force and effect as if such other had been originally sued . . ."

Under this comprehensive language the question is whether the additional defendant is definitely "connected with the subject matter of the litigation" and whether the subject matter is "substantially the same as a question or issue arising between the plaintiff and the . . . additional defendant." If plaintiff cannot recover from the additional defendant, the Fireproofing Company, then the bonding company, defendant, has no liability. If plaintiff may recover, then it follows the bonding company is liable. Therefore, in the language of the statute, the question brought upon the record by the writ of scire facias is distinctly "connected with the subject matter of the litigation" and is within the causes which authorize a defendant to bring in an additional defendant under the Act of 1937.

(b) What we have already said disposes of the question that no petition was presented for leave to join the additional defendant as required by Pa. R. C. P. 2252.

(c) It is contended that the time for filing the petition expired August 19, 1939, and, both under 2253 and rule 152 of this court, the præcipe for scire facias filed September 23, 1939, is too late. Having found that the statutes, and not the Procedural Rules, were available to the original defendant, it of course follows that rule 2253, requiring that a petition to bring in an additional defendant must be filed within 60 days, is not applicable. The statute contains no limitation of time within which such right had to be exercised. That relegates the consideration of the matter to rule 152 of this court. This rule provides that "no writ of scire facias under said Acts [1929 and amendments] shall issue at the instance of any defendant, unless the præcipe therefor be filed not more than 60 days after the service upon him of the statement of claim, . . . but such time may be extended by the court for cause shown."

The answer to the petition for the rule to strike off the præcipe affirmatively avers that on or about August 1, 1939, counsel for the original defendant discussed with counsel for plaintiff his imperative engagements and requested additional time to prepare an affidavit of defense and a scire facias, and such additional time was granted by counsel for plaintiff. There is no denial of this averment. Undoubtedly counsel for the original defendant should have requested and obtained from the court an extension of the time, but we are applying equitable principles and should consider that done which ought to have been done. There can be no doubt that, if an application had been made to the court upon the showing now made, an extension would have been granted. This court has power over its own rules, and we think that under all the circumstances of the case we should not invoke rule 152.

We must also consider rule 4 of this court, which provides: "All agreements of attorneys touching the business of the Court must be in writing, otherwise they will be considered of no validity." This rule is primarily intended to prevent controversies among counsel, but there is no controversy in this case. There is no denial in the pleadings, nor was there any on the argument, that an extension was granted, and so, there being no verbal controversy, there is no reason to invoke the latter rule.

From what we have said, it follows that the rule to show cause why defendant's præcipe should not be stricken from the record and the præcipe itself quashed must be discharged and the petition therefor dismissed.

2. Plaintiff also filed a motion for judgment for want of a sufficient affidavit of defense, averring that the affidavit is contradictory because in paragraph 5 it avers that there was a contract "between Penn Clay Products Company and Southern Fireproofing Company, partly oral and partly written." Subsequently in the same paragraph the use-plaintiff, in averring the subject matter of the contract and what was done under it, uses the word

"defendant" instead of "Southern Fireproofing Company." In the same paragraph the averment is that as a result of what happened "defendant was compelled to go into the open market and purchase other tiling which would conform to the contract and specifications set forth in paragraph 4 above, thereby incurring additional costs, damages, and expenses in the sum of $1,020.77." In paragraph 6 of the affidavit of defense the averment is that the Southern Fireproofing Company accepted certain tile shipped by the Products Company "so that it is indebted to Penn Clay Products Company in the amount of $330.02, which sum is to be credited against the claim of Southern Fireproofing Company against Penn Clay Products Company in the amount of $1,552.33, as set forth in paragraph 5 above."

The præcipe for the writ of scire facias avers clearly that the additional cost imposed upon the Southern Fireproofing Company because it was required to go into the open market was $1,552.33, and again avers that there is an offset to that of $330.02, leaving a counterclaim by the Southern Fireproofing Company against the Penn Clay Products Company of $1,222.31. It is apparent that the use of the word "defendant" in paragraph 5 of the affidavit of defense was careless, but it is equally apparent not only from the affidavit of defense itself, but also from the præcipe, that "the Southern Fireproofing Company" was clearly intended where the word "defendant" was used in paragraph 5.

It is also clear that the figures $1,020.77 in paragraph 5 are incorrect, and in the very next paragraph of the affidavit of defense, as well as in the præcipe, it is clear that the figures should have been $1,552.33.

It is further contended that the affidavit of defense does not aver the dates upon which the alleged written contract was orally amended or supplemented, nor the names of the parties who entered into the oral contract. There may be some substance to this contention inasmuch as both the Penn Clay Products Company and the Southern Fire-

proofing Company are partnerships, but these are matters which are clearly amendable, and, in our opinion, do not justify the entry of a summary judgment for want of a sufficient affidavit of defense.

And now, May 29, 1940, the petition for the rule to show cause why defendant's præcipe for a writ of scire facias to join additional defendants should not be stricken from the record is hereby dismissed and the rule is discharged. The motion for judgment for want of a sufficient affidavit of defense is hereby dismissed and the original defendant is hereby given 15 days from this date to file an amended affidavit of defense.