Rau *v.* Manko, Appellant, et al.

Argued December 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John B. Martin,* for appellant.

*William T. Campbell,* of *Swartz, Campbell & Henry,* with him *Herbert A. Barton,* for appellee.

Opinion by Mr. Justice Linn, January 6, 1941:

This appeal brings up questions under the new Rules of Civil Procedure. Appellant complains that his petition to join an additional defendant was denied.

Plaintiff, Martha A. Rau, while riding in her automobile, driven by Thomas D. McBride, was injured by collision with another car operated by defendant at the intersection of Eleventh and Ruscomb Streets, Philadelphia. Plaintiff averred facts from which defendant's negligence might be found by a jury and sought recovery for personal injuries and damage to her car. Defendant, Manko, by his answer, denied the negligent operation alleged. Pursuant to Rule 2252, 332 Pa. cxxiii, he filed a petition to join McBride, driver of plaintiff's car, as additional defendant. He alleged facts which would support a finding that the collision was caused by the additional defendant's negligence. After stating the facts of the collision, he concluded, "that the said negligence of the said Thomas D. McBride was either the sole cause or a major contributing cause of said collision, it being impossible to determine which of said alternatives is correct until the case is tried"; and that he "desires to protect his right of contribution in the event that your petitioner be found to

have been jointly negligent with the said Thomas D. McBride."

The additional defendant answered by admitting that he drove plaintiff's car and denying the averments of fact from which his negligence could be found. Later, he moved "that the entire proceedings against him should be dismissed" for the following reasons:

"1. The plaintiff has not filed a Supplementary Statement of Claim, and under Rule 2258 of the Pennsylvania Rules of Civil Procedure, is thereby precluded from any recovery against the additional defendant.

"2. As between the original defendant and the additional defendant, the petition is defective in that it avers in the alternative that the alleged negligence of the additional defendant was 'either the sole cause, or a major contributing cause of said collision.'

"3. The petition is further defective in that it does not aver that the additional defendant is either alone liable to the original defendant, or is liable over to him, or is jointly or severally liable with him, as required by Rule 2252 of the Pennsylvania Rules of Civil Procedure. On the contrary, the purpose of the petition, as set forth in the ninth paragraph thereof, is to protect 'the right of contribution' of the original defendant."

Rule 2258, 332 Pa. cxxx, referred to in the first reason, provides: "(a) A plaintiff desiring to assert a claim against an additional defendant shall file a supplementary statement of his cause of action against such additional defendant within twenty days after service upon the plaintiff of a copy of the answer of the additional defendant, unless the court shall extend the time for filing such supplementary statement upon cause shown. The allegations of the supplementary statement may be made upon information without prejudice to the right of the plaintiff to maintain the correctness of the allegations in his original pleading . . . (c) The failure of the plaintiff to file a supplementary state-

20

ment within the period fixed by clause (a) of this rule shall bar him from any recovery against such additional defendant."

It appears by the additional defendant's motion to dismiss that he was fully advised by the state of the record, that is, by plaintiff's statement of claim and her refusal to claim against him, and by the transaction averred by the defendant, that the single charge to be met by him at the trial was whether he and the original defendant were jointly liable.

When the parties appeared before the learned court for pre-trial conference pursuant to Rule 212, 332 Pa. xlviii, the learned judge adopted the view of the additional defendant, and granted his motion[1] to dismiss. The order dismissing the action against the additional defendant was final and subject to appeal. The learned judge said: "The writ [defendant's petition] alleged liability in the alternative on the part of the additional defendant, that is to say, it averred: first, that the additional defendant was solely responsible for the accident; and, second, that if the additional defendant were found to be jointly liable with the defendant for the accident, the latter desired to hold the additional defendant to a liability to contribute to the satisfaction of any verdict that might be recovered against the defendant. The plaintiff, however, declines to file a supplemental statement of claim against the additional defendant.

"This grounding of liability in the alternative is not

---

[1] The authority to grant the motion was found in Rule 212, providing: "In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider: (a) The simplification of the issues; . . . (f) Such other matters as may aid in the disposition of the action. The court may make an order reciting the action taken at the conference. . . . Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice."

permitted by the Pennsylvania Rules of Civil Procedure, . . . ." The learned judge quoted from the Note which follows Rule 2252, 332 Pa. cxxiv, this paragraph: "The grounds upon which a person may be joined as an additional party are those justifying the joinder of an additional defendant by the writ of scire facias by the Act of 1929 as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The Amendment of June 25, 1937, P. L. 2118, which permits a more liberal use of the writ of scire facias is suspended. In thus returning to practice prior to the Amendment of 1937, this rule seeks to avoid the confusion which that amendment might produce and follows in general Rule 14(a) of the Federal Rules of Civil Procedure." He added that "From this explanatory note it is evident that the right to bring in an additional defendant on an alternative liability was intended to be abolished by the adoption of the new rules by the Supreme Court." The publication of the Rules was accompanied by a statement, 332 Pa. xxxvi, that "The explanatory notes to these rules were inserted by the Procedural Rules Committee for the convenience of the Bench and Bar; they are not part of the rules and have not been officially adopted or promulgated by the Supreme Court."

Rule 2252, for the joinder of additional parties, provides that a defendant "may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him." The words quoted are substantially the same as the corresponding provision in the amendment of June 22, 1931, P. L. 663, to the Act of April 10, 1929, P. L. 479, both of which are suspended by the Rules.

It is true that the amending Act of June 25, 1937, P. L. 2118, provided for joinder of an additional defendant "alleged to be alone liable or liable over to him

for the cause of action declared on or jointly or severally or in the alternative liable therefor with him," and that the statute has been suspended. This amendment included much more than the mere addition of the words "or in the alternative"; other provisions enlarged third party procedure, and it is perhaps fair to say that it was these other provisions that had resulted in quite general dissatisfaction with such procedure as developed after and pursuant to the amendments of 1937. This dissatisfaction, we think, did not result from the effect of the words "or in the alternative," because, prior to the Act of 1937, conclusions in the alternative were accepted under the amendments of 1931: *Clineff v. Rubash,* 126 Pa. Superior Ct. 82, 86, 190 A. 543.[2] It is our opinion that third party procedure under the amendments of 1931 required, and now under the Rules of Civil Procedure requires, that a defendant, after averring the facts constituting the transaction declared on by the plaintiff, must be permitted to state legal conclusions in the alternative.[3] Not only do the Rules not forbid it, but the practice is implicit in such procedure; without it, the important purpose of bringing before the court all the parties to the transaction would be defeated.

Rule 2252 provides for joinder in several classes of cases: when an additional defendant (1) may be alone liable (2) or liable over (3) or jointly liable. The facts constituting the transaction as averred in defendant's petition may enable the jury to find that the additional defendant is in class 1—alone liable; or in class 3—jointly liable with the defendant. The result of plaintiff's election not to file a supplementary statement

---

[2] See also *King v. McQuade,* 38 D. & C. 269; Scott, Combination of Issues and Parties (1936) 10 Temp. L. Q. 406, 411.

[3] Compare Rule 2258, supra, which creates a new feature in third party procedure in this Commonwealth, where it is expressly provided that plaintiff's supplemental pleading need not be consistent with his statement of claim.

against the additional defendant is that she cannot recover against him, but that fact, standing alone, does not take him out of the case. The defendant has the right to keep him in to enforce contribution if the jury find against both. The statement in the Committee's note to Rule 2258 that "If the defendant joins an additional defendant on the ground that the latter is alone liable to the plaintiff but the plaintiff files no supplementary statement there will be no party in the action asserting any claim against the additional defendant and he should therefore be dropped from the record," applies between a plaintiff and the original defendant but cannot apply when an issue between the two defendants is for trial. The Rule does not and was not intended to enable a plaintiff, who has no control over the litigation between the defendant and the additional defendant,[4] to prevent adjudication of their rights: see *Shapiro v. Philadelphia*, 306 Pa. 216, 220-221, 159 A. 29. Such a plaintiff is not affected by defendant's bringing in the additional defendant from whom the plaintiff cannot recover: compare *Koontz v. Messer*, 320 Pa. 487, 493, 181 A. 792; *Murray v. Lavinsky*, 120 Pa. Superior Ct. 392, 182 A. 803.

One of the purposes[5] of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose. While plaintiff's election removed the possibility of the additional defendant's being held alone liable to the plaintiff, we still have to consider whether proof of the facts averred would support a finding of joint liability of the two defendants. In consid-

---

[4] Compare *First Nat. Bank of Pittsburgh v. Baird*, 300 Pa. 92, 150 A. 165, dealing with the relations of parties under the Act of 1929.

[5] For a general statement of the purposes, see *Vinnacombe v. Phila.*, 297 Pa. 564, 569, 147 A. 826,

ering this question, it is to be observed that plaintiff's statement of the cause of action shows liability in the defendant, and the defendant avers facts showing liability in the additional defendant who answers that not he, but the defendant was the negligent party. If the jury finds joint or concurrent negligent acts, the law declares the actors joint tort-feasors: *Hughes v. Pittsburgh Transportation Co.*, 300 Pa. 55, 59, 150 A. 153.

Much of common law pleading has been modified and superseded by statute and rule. The pleader must state a cause of action to which the law involved may be applied and, by the pleading, must notify the adverse party of what to meet. Here there is no want of notice; defendant's petition and additional defendant's answer have clearly advised each other of their respective positions and have presented a single issue. There is no uncertainty about it and McBride's answer shows that he was in no doubt about the issue.[6] There is no factual inconsistency in defendant's position which should deprive defendant of the benefit of Rule 2252. He does not allege the facts of the transaction, the foundation of the cause of action, in the alternative. The Rule does not prohibit the statement of alternative conclusions of law from the facts averred.[7] Either that must be per-

---

[6] The use of the disjunctive is not necessarily evidence of uncertainty: see Hankin, Alternative and Hypothetical Pleadings (1924) 33 Yale Law Journal 365. It has been suggested that in case of doubt the advisable procedure is to plead in the conjunctive. Bennett, Bringing in Third Parties by the Defendant (1935) 19 Minn. L. Rev. 163, 192n. See also Clark, Code Pleading (1928) 273 et seq.

[7] The record shows no more pleading of facts in the alternative than appears in the ordinary case in which a defendant by answer denies the negligence charged against him and avers that plaintiff was guilty of contributory negligence, though plaintiff cannot be said to have been guilty of contributory negligence if the defendant was not negligent. In *Kemerer v. Johnstown Bank*, 120 Pa. Superior Ct. 173, 176, 182 A. 74, the defense was

mitted or the use of third party procedure must be unreasonably restricted, although the purpose of the Rules was quite the contrary.

In *Majewski v. Lempka,* 321 Pa. 369, 183 A. 777,[8] the additional defendants were brought in on averments of sole liability under the Act of 1929, as amended in 1931 and 1933. But, notwithstanding that averment, the jury found against both the original and the added defendants. The additional defendant then moved for judgment n. o. v. on the ground that no cause of action for joint liability had been stated against her in the writ of scire facias. This court held that "The evidence of the original defendant made out a prima facie case of sole liability on the part of the additional defendants and it is of no moment that the jury, under all the evidence, found that all the defendants contributed to causal culpability. The finding against her [original defendant] was in all probability based upon the testimony that was offered respectively by plaintiffs and by the additional defendants. She stated and offered testimony tending to prove that plaintiffs' only cause of action was against the additional defendants, and the fact that plaintiffs and the additional defendants established a cause of action against her does not relieve the additional defendants. . . ."

If the jury, on all the evidence, finds against both defendants, the original defendant will have the right to enforce contribution[9] in this suit even though plain-

---

that there was no contract and that the contract was not performed; in *Simons v. Safety, etc., Ins. Co.,* 277 Pa. 200, 202, 120 A. 822, a statement of claim was held sufficient although it averred that proofs of loss were furnished in time and that defendant waived proofs of loss. Compare *Popalis v. Yanchura,* 114 Pa. Superior Ct. 204, 173 A. 743.

[8] This case has been followed in *Abraham v. National Biscuit Co.,* 89 F. (2d) 266 (C. C. A. 3d, 1937), overruling *Yellow Cab v. Rodgers,* 61 F. (2d) 729 (C. C. A. 3d, 1932).

[9] Compare *Horbach's Admr. v. Elder,* 18 Pa. 33; *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231; *Bailey v. Lavine,*

tiff can take nothing by the verdict against McBride. Rule 2262(b), provides: "In every action in which an additional party has been brought upon the record, the court or the jury, as the case may be, in addition to any general verdict or finding, shall make such specific findings as will determine the liabilities of all parties inter se. The judgments entered in such action shall determine the liabilities of all parties inter se." The court has power to control the form of the verdicts and also the judgments. Compare *Boosel v. Agri. Ins. Co.*, 118 Pa. Superior Ct. 400, 403, 180 A. 21; *Vinnacombe v. Phila.*, 297 Pa. 564, 573, 147 A. 826.

Appellee relies on obiter dicta in *Hoffman v. Repp,* 337 Pa. 486, 488, 12 A. 2d 311, and *Bowers v. Gladstein,* 317 Pa. 520, 523, 178 A. 44, to sustain the order appealed from. In the first case it was held that the writ of scire facias was insufficient because the facts alleged did not support the "liability over" averred; in the second, it was held that the additional defendant could not be brought in after the statute of limitations had run against him. What was said about duplicity, on which appellee relies, was not necessary to the decisions and is disapproved.

Prior to the adoption of the Rules, the right to add a defendant, within the terms of the Act of 1929 and amendments, was absolute; the Rules now vest discretion in the court to grant such petitions when "the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party to the record": Rule 2252(e). The inquiry whether an additional defendant or any other party to the record will be unreasonably prejudiced by the

302 Pa. 273, 277, 153 A. 422. Since this cause of action arose, the Act of June 24, 1939, P. L. 1075, has been passed; it provides: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." We need not at this time consider the effective scope of the provisions of the Act,

joinder will cover a wide field since the ultimate purpose is to join, if possible, all the parties to the single transaction giving rise to the cause of action.

In this case, so far as appears, the petition should have been granted.

Order reversed, petition reinstated, record remitted for further proceedings.