## Davidson *v.* Patterson, Appellant, et al.

Argued May 13, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*W. D. Gallup,* with him *F. D. Gallup* and *E. G. Potter,* of *Gallup, Potter & Gallup,* for appellant.

*R. T. Mutzabaugh,* with him *F. M. Nash,* of *Nash & Mutzabaugh,* for appellee.

PER CURIAM, June 30, 1941:

The plaintiff, Davidson, sued Patterson for injuries sustained while a guest passenger in the car of H. D. Brainard* which collided with the car of the defendant Patterson. Patterson filed an answer denying the negligence charged against him and then, pursuant to Rule 2252, 332 Pa. cxxiii, filed a petition to add Brainard as a defendant, averring that Davidson's injuries resulted solely from Brainard's negligence. The court allowed the petition to join Brainard. The additional defendant then filed an answer denying defendant Patterson's averment. The plaintiff did not file a supplementary statement against the additional defendant pursuant to Rule 2258 (a) and therefore, in accord with Rule 2258 (c), was barred from recovery against him. After the period for filing a supplementary statement against the additional defendant had passed, he moved that he be dropped from the record. As the plaintiff elected not to proceed against him and, as the defendant Patterson had made no averments of liability of the additional defendant to him, there was no reason to keep him a party. As to amendment, see *United Societies, etc., v. Klochak,* 340 Pa. 159, 16 A. 2d 373. The court properly made the rule absolute. Compare *Rau v. Manko,* 341 Pa. 17, 17 A. 2d 422.

Judgment affirmed.

---

* Brainard brought an action against Patterson, the subject of the appeal in *Brainard v. Patterson,* 342 Pa. 465.