## Boyes et al. v. Gelman et al.

*Frank R. Ambler*, for plaintiffs.
*John J. McDevitt, Jr.*, for defendants.

CRUMLISH, J., January 8, 1942.—The question here involved is whether or not Morris Caplan should be joined as an additional defendant.

James Boyes and the Hartford Accident & Indemnity Company brought an action against David Gelman and Joseph Curcillo, copartners engaged in the business of carpentry, for injuries sustained by plaintiff Boyes due to the collapse of a certain scaffold. It was alleged by plaintiffs that Boyes was engaged in work for his employer, the Consolidated Cornice & Roofing Company, as a roofer on a building operation on which defendants were subcontractors, at Maryland and Rodney Streets, Philadelphia, Pa., on February 25, 1941, and that, while so employed, a scaffold upon which he was working and which was built by defendants' servants "broke or gave way" causing Boyes to fall to the ground.

Plaintiffs allege that defendants were negligent in:

"(a) Using improper and insufficient nails and otherwise improperly nailing, fastening and securing the scaffolding and outlookers to the uprights, joists and supports;

"(b) Not using sufficiently heavy, solid and strong wood for the scaffold and its supports;

"(c) Not using sufficient braces and outlookers or sufficiently heavy, solid or strong braces and outlookers;

"(d) Not properly securing the scaffold so that it would withstand the weight of the plaintiff and others lawfully engaged thereon;

"(e) Failing to exercise due care under the circumstances."

Defendants filed an affidavit of defense denying that the accident was caused by the carelessness or negligence of themselves or their employes "in the particulars alleged."

Pursuant to the Pennsylvania Rules of Civil Procedure, defendants then filed a petition to join Morris

Caplan, the general contractor on the building operation, as an additional defendant. In their petition defendants aver that Morris Caplan "was in general control of, and had general supervision over, the said construction job and operation", and that "all the materials for the scaffold referred to in the statement of claim, which was erected by petitioners approximately a month prior to the date of the alleged accident, were furnished by, and remained the property of, Morris Caplan".

Defendants assert that the joinder of Caplan is desired "in order to determine the respective rights and liabilities of the additional defendant and the other parties to this action with respect to the cause of action declared upon by the plaintiff". It is further stated in that petition that "if there is any liability upon anyone because of the materials used in the construction of the said scaffold or because of conditions developing after its construction, Morris Caplan is liable and not your petitioners".

To this petition for joinder of Caplan as additional defendant plaintiffs filed an answer asserting there should not be a joinder because "the petition does not set forth a prima facie case and does not in any event set forth such facts as would render the additional defendant alone liable as averred in paragraph (7-f) of the petition", and that such joinder "will prejudice [plaintiffs'] case by creating false issues to the confusion of the real questions".

We conclude that Morris Caplan should be joined as an additional defendant.

In their statement of claim plaintiffs allege negligence on two theories: (a) That improper materials were used in the construction of the scaffold; and (b) that the scaffold was defective because the workmanship performed by defendants was done negligently.

The right to join additional parties is set out in Pa. R. C. P. 2252 (a), which provides, inter alia:

"(a) After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

It is contended by plaintiffs that defendants did not "set forth such facts as would render the additional defendant alone liable as averred in paragraph (7-f) of the petition". With this contention we are not in accord. Defendants averred in paragraph 7-c of the petition that *all materials used in the construction of the scaffold were furnished by Caplan* and remained his property, and alleged in paragraph 7-f that "if there is any liability upon anyone because of the materials used in the cónstruction of the said scaffold . . . Morris Caplan is liable and not your petitioners". Caplan's joinder is sought only as to the issue of whether or not there was negligence here in the use of defective materials, not on the issue of whether or not the scaffold was otherwise improperly constructed. While we are not prepared to state that defendants' verbiage in the relevant paragraphs is exemplary, nevertheless, we feel that there is a sufficient averment of facts setting forth a prima facie case against Caplan as required under the procedural rules governing joinder of additional parties. See Rau v. Manko et al., 341 Pa. 17 (1941).

Neither are we impressed by plaintiffs' contention that such joinder would cause confusion in the issues already involved and create new or false issues. The fundamental issues which arise here under plaintiffs' statement of claim and defendants' affidavit of defense remain the same. The only change involved is on the question of who is the responsible party if negligence

is ultimately found at the trial on the merits. We, therefore, hold that defendants' petition for leave to join Morris Caplan as an additional defendant should be granted.

*Order*

And now, January 8, 1942, the petition of David Gelman and Joseph Curcillo, trading as Gelman & Curcillo, to join Morris Caplan as an additional defendant in the above-entitled action, is granted and Morris Caplan is hereby joined as an additional defendant.

Now, therefore, we command you, the Sheriff of the County of Philadelphia, to direct Morris Caplan of 100 West Rockland Street, Philadelphia, Pa., to file an answer in the office of the prothonotary of the common pleas court in the above-entitled action, within 20 days after service upon him of a copy of this petition and order and of copies of all pleadings heretofore filed therein, if service was made within your county, or within 30 days of service if service was made within any other county of this Commonwealth.