## Goldstein et al. v. Yellow Cab Co. et al.

*Sporkin & Sporkin,* for plaintiffs.
*Bernard G. Segal,* for defendant.
*Frank R. Ambler,* for additional defendant.

TUMOLILLO, J., April 10, 1942.—This is an action in trespass arising out of a collision between an automobile operated by Max Goldstein and a taxicab owned by the Yellow Cab Company, the original defendant. Minnie Goldstein, wife of Max Goldstein, and Richard Boroch, a minor, were passengers in the automobile operated by Max Goldstein. A joint suit by the driver, Max Goldstein, his wife, Minnie Goldstein, the minor, Richard Boroch, and the parents of the minor, was brought against the Yellow Cab Company.

On March 20, 1942, the court upon petition of the defendant granted a severance of the action of Max Goldstein from those of the other plaintiffs, and on April 10, 1942, Max Goldstein was joined as an additional defendant with respect to the causes of action of the other plaintiffs.

Max Goldstein filed a motion to vacate that part of the order which joined him as an additional defendant in the cause of action of Minnie Goldstein, his wife, against the Yellow Cab Company. This motion is now before the court.

The petition for joinder averred that "Max Goldstein is either alone liable for any injuries to plaintiff, Minnie Goldstein, or jointly or severally liable therefor with defendant."

Counsel for the additional defendant contends that the husband cannot be joined as an additional defendant in a suit brought by his wife as plaintiff, and that the averment in the petition for joinder that Max Gold-

stein is alone liable bars such joinder because it may result in a judgment for a wife against her husband.

If the petition for joinder had rested upon an averment of sole liability of the additional defendant only, there would be merit in this contention. See Goodrich-Amram, Procedural Rules Service, sec. 2252(a)-10, and Jackson v. Gleason et al., 320 Pa. 545.

But in this case the petition avers that the additional defendant is alone liable, or jointly or severally liable with the original defendant. It is established that a defendant, in his petition to join an additional defendant, after averring the facts, may state legal conclusions in the alternative: Rau v. Manko et al., 341 Pa. 17.

A wife cannot maintain an action against her husband for a tort: Act of June 8, 1893, P. L. 344, sec. 3, as amended by the Act of March 27, 1913, P. L. 14, sec. 1. But under third-party procedure, whether established by statute or procedural rule, a defendant may bring in an additional defendant who is liable over to him or is jointly or severally liable with him, even though the plaintiff is disqualified from obtaining a judgment against the additional defendant: Goodrich-Amram, Procedural Rules Service, sec. 2252 (a)-11.

Thus in Rau v. Manko et al., supra, it was held that where an additional defendant was brought in pursuant to a petition averring sole liability or joint or several liability, the additional defendant is not taken out of the case because of failure of the plaintiff to file a supplementary statement against the additional defendant. Such failure operates to bar a recovery by the plaintiff against the additional defendant, but if the facts are such that a verdict can be found against both defendants the original defendant has the right to keep the additional defendant in the case to enforce his right to contribution.

The Act of June 24, 1939, P. L. 1075, provides:

"Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as be-

tween them, such liabilities are either all primary or all secondary."

It was held in Maio, Executrix, v. Fahs et al., 339 Pa. 180, where the employer of the plaintiff was made an additional defendant in an action brought by plaintiff for injuries sustained by plaintiff because of the joint negligence of the original defendant and the employer, that a judgment could be entered on a verdict against the employer and the additional defendant jointly, even though there was a compensation agreement between the employer and plaintiff, subjecting them to the provisions of the Workmen's Compensation Act. Even though plaintiff would be barred from issuing execution against his employer, equitable considerations require the entry of the judgment in order to protect the original defendant's right to contribution under the Act of 1939.

In Morris et al. v. McKinley et al., 33 D. & C. 696, it was held that the original defendant could join, as an additional defendant, an unemancipated minor son of plaintiff, although a parent cannot in Pennsylvania maintain an action against an unemancipated minor child.

Rule 128 ($d$) provides that, in ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumption:

"That if the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the same subject matter which employs the same language intends the same construction to be placed upon such language."

The Sci. Fa. Act of May 18, 1933, P. L. 807, employs substantially the same language as rule 2252 with respect to the right of a defendant to bring in additional defendants. In Gossard v. Gossard et al., 319 Pa. 129, the Supreme Court said of the Sci. Fa. Act of 1933 (p. 133):

"The act works out contribution as between joint tort-feasors. It . . . should be construed so as to advance the legislative purpose."

When the case at bar is tried, if the facts warrant, a judgment may be entered in favor of the wife plaintiff jointly against the original defendant and her husband, the additional defendant. This will enable the original defendant to enforce contribution against the additional defendant, but the wife plaintiff will be unable to enforce judgment against her husband. The court has power to control the form of the verdicts and also the judgments: Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564; Rau v. Manko et al., supra; Morris et al. v. McKinley et al., supra.

Rule 2252 (e) provides: "The court shall grant such petition whenever the petition alleges facts which would establish the liability of the additional defendant and the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party of record."

The additional defendant is not prejudiced by his joinder in this action, since the original defendant could enforce his right to contribution by a separate suit under the Act of June 24, 1939, P. L. 1075. Nor is there any question of public policy involved. There is no conflict between husband and wife. If the jury finds the husband alone was negligent, no judgment can be entered against him. If it is found that both the original defendant and the husband were negligent, a joint judgment may be entered, but such judgment cannot be enforced by the wife against the husband. It merely gives one joint tortfeasor the right to enforce contribution against another, in accordance with the settled policy in this State: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354.

The rule to vacate the order joining Max Goldstein as an additional defendant, in the cause of action of Minnie Goldstein, is discharged.