## Battle et ux. v. Laurel Line Taxicab Co. et al.

*Patrick T. Walsh*, for plaintiff.

*Frank M. Walsh*, for original defendant.

*John M. Kelly* and *Jerome Parker*, for additional defendant.

EAGEN, J., January 31, 1945.—This action in trespass was instituted by plaintiffs against the original defendant on September 20, 1943, to recover compensation for injuries received by the wife plaintiff on September 22, 1941, allegedly caused by the sole negligence of an employe of the defendant company while engaged in the pursuit of its business. The statement of claim was filed September 8, 1944. On November 6, 1944, a præcipe to join William Morahan as an additional defendant was filed, as was the required complaint.

The additional defendant now moves to quash the writ of joinder on two grounds, to wit: (1) That the writ, insofar as it alleges the various alternative liabilities, is ambiguous and defective because of duplicity; (2) that, despite the allegation of alternative liabilities, the facts set forth in the writ will, if true, establish that William Morahan is alone liable to the plaintiffs and, therefore, the statute of limitations, which in this case is two years, bars the issuance of the writ to join the additional defendant.

Rule 2252 of the Pennsylvania Rules of Civil Procedure provides as follows:

"(a) In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

An examination of the record discloses that plaintiffs' statement of the cause of action shows liability in the original defendant and alleges facts which if proved would sustain a finding that its negligence caused the accident involved. The original defendant's complaint denies any negligence on its part and alleges facts which if proved would sustain a finding that the negligence of the additional defendant caused the accident. It further alleges that the defendant "complains

of William Morahan, additional defendant, that he is alone liable to the plaintiffs, jointly and severally liable with the original defendant, or liable over to the original defendant, for the alleged cause of action declared upon in plaintiffs' statement of claim . . ."

Counsel for Morahan contend that the case of Bowers v. Gladstein et al., 317 Pa. 520, holds that such pleading is bad for duplicity. However, we feel that Rau v. Manko, 341 Pa. 17, is controlling and that after pleading the facts concerning the transaction the defendant must necessarily be permitted to state legal conclusions in the alternative. In Rau v. Manko, supra, the Supreme Court disapproved what was said in Bowers v. Gladstein in this regard. It was further held that, under pleadings such as we have herein, the jury could find joint or concurrent negligence and declare the actors joint tortfeasors. If the jury finds such to be the case, the original defendant will have the right of contribution even though plaintiff cannot recover directly from the additional defendant. See, also, Majewski et al. v. Lempka et al., 321 Pa. 369.

In view of this reasoning, we think the second reason assigned for quashing the writ also fails. The writ was undoubtedly issued too late to join the additional defendant in the action on an allegation of sole liability to plaintiffs: Lumen v. Paley et al., 342 Pa. 317; Shaw et al. v. Megargee et al., 307 Pa. 447. However, the issue herein will be limited to whether or not the additional defendant is jointly liable for the injuries complained of. Under the circumstances the original defendant was helpless to assert any claim or enforce any liability over by way of contribution against the additional defendant until the statement of claim was filed. And in our opinion the only limitation to the enforcement of this right is found in Rule 2253 (R. C. P.), which requires that the præcipe directing the issuance of the writ be filed no later than 60 days after the serv-

ice of the statement of claim upon the original defendant. Admittedly this was complied with in this case.

The exact question was raised in Adam et al. v. Vacquier, 48 Fed. Supp. 275, and it was decided that the Pennsylvania statute of limitations did not affect the right of the original defendant as a third party plaintiff to recover from the additional defendant either indemnity or contribution. The court expressed the view that the limitation did not apply to such a case and, if so, that the statute was tolled as to the third party defendant when the suit was instituted. This reasoning is sound and anything to the contrary would seriously prejudice the beneficial results the third party procedure intends to accomplish.

Therefore, January 31, 1945, the rule to show cause why the writ to join should not be quashed is discharged. The additional defendant is given 10 days to answer over.