## Kennedy, Admrx., Appellant, *v.* Iron City Electric Company et al.

Argued March 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

reargument refused May 7, 1945.

*Fred B. Trescher,* with him *John M. O'Connell* and *Kunkle, Trescher & Snyder,* for appellant.

*H. E. McCamey,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 9, 1945:

This appeal is concerned with the application to the facts of the present case of Pa. R. C. P. No. 2258(c), 332 Pa. cxxx (superseded by the new rules governing joinder of additional defendants adopted December 30, 1942, 345 Pa. xlix et seq.).

Harry A. Kennedy died May 19, 1940, as the result of an electric shock sustained by his coming into contact with certain copper tubing. Theresa A. Kennedy, administratrix of his estate, instituted suit on May 1, 1941, in the Court of Common Pleas of Westmoreland County against Mary Tatarek, Dan Zanarini, The West Penn Power Company and the firm of Bushyager and Droutz, alleging that they were responsible for decedent's death. On May 16, 1941, the administratrix also instituted suit in the Court of Common Pleas of Allegheny County against Iron City Electric Company and Westinghouse Electric Supply Company on the same cause of action. Mary Tatarek, in the Westmoreland County case, petitioned to have Westinghouse Electric Supply Company joined as an additional defendant on the ground that it was *solely* liable to plaintiff. The Westinghouse Company filed an answer to this petition but plaintiff failed to file a supplementary statement of her cause of action against the Westinghouse Company within twenty days after service upon her of a copy of its answer, as was then required by Pa. R. C. P. No. 2258(a). Accordingly, on July 29, 1941, the Westinghouse Company obtained a rule to show cause why it should not be discharged as additional defendant (*Davidson v. Patterson,* 342 Pa. 466, 21 A. 2d 30). Plaintiff thereupon petitioned for leave to file a supplementary statement on the ground that the failure to file it within the twenty days had been due to the inadvertence of counsel. On June 24, 1942, the court refused

plaintiff's petition and discharged the Westinghouse Company as additional defendant. To this action of the court plaintiff and Mary Tatarek both filed exceptions and while these exceptions were pending before the court en banc the new rules were adopted on December 30, 1942, whereby the necessity of filing supplementary statements was abolished. However, on June 18, 1943, the Westmoreland County court dismissed the exceptions and affirmed its decree of June 24, 1942.

In the proceedings in the Court of Common Pleas of Allegheny County plaintiff, on September 30, 1942, filed a statement of claim to which the Westinghouse Company, on October 21, 1942, filed an affidavit of defense. On October 11, 1943, the Westinghouse Company filed an additional pleading of "new matter" consisting of an account of the proceedings in the Westmoreland County court and averring that the Westinghouse Company had been finally discharged there as a party defendant. To this new matter plaintiff filed a reply but the Westinghouse Company entered a rule for judgment on the ground that the reply was insufficient. The court made this rule absolute and entered judgment for the Westinghouse Company. Plaintiff now appeals from that judgment.

It may be, as argued by plaintiff, that the Westmoreland County court should have allowed plaintiff to file a belated supplementary statement of claim; this would have been within its discretionary power: (*Pinsky v. Master, Administratrix*, 343 Pa. 451, 23 A. 2d 727). It may also be deemed questionable whether the new rules of December 30, 1942, which were made applicable to actions pending at that time (Pa. R. C. P. No. 2274, 345 Pa. liii) did not override the Westmoreland County court's order of June 24, 1942, plaintiff's exceptions to which were then pending and undisposed of. But, since no appeal has ever been taken from the action of the Westmoreland County court, its final order, whether right or wrong, is conclusive as between the parties, and therefore we must assume, on the present appeal, that

the Westinghouse Company was properly discharged as an additional defendant in the action in Westmoreland County.

The question then arises, what effect does that discharge have upon the suit in Allegheny County? Pa. R. C. P. No. 2258(c) provided that "The failure of the plaintiff to file a supplementary statement within the period fixed by clause (a) of this rule shall bar him from any recovery against such additional defendant." But is that provision of the rule to be applied to the situation which exists here?

The object of the statutes and rules in regard to the joinder of additional defendants is to avoid a multiplicity of suits and "to compel every interested person to appear and defend the action by plaintiff": *Vinnacombe v. City of Philadelphia*, 297 Pa. 564, 569, 147 A. 826, 827. But here plaintiff had already commenced an action directly against the Westinghouse Company and, if she had subsequently made that company a party defendant to the action in Westmoreland County, would, on the same cause of action, have had two suits pending against the Westinghouse Company at the same time. The law will not permit a defendant to be subjected to two such actions where plaintiff has a complete remedy in one of them. As the Westinghouse Company was a defendant in the Allegheny County court before the attempt to join it in Westmoreland County, a subsequent proceeding against it as a defendant in the latter county could not have been properly maintained, and the Westinghouse Company could have resisted, on a plea of lis pendens, being made a party there. Therefore, not only was plaintiff not obliged to accept the Westinghouse Company as an additional defendant in Westmoreland County, but she would have had no right to compel it to become such. Under these circumstances it is clear that Pa. R. C. P. No. 2258(c) should not have been held applicable so as to bar plaintiff from recovery against the Westinghouse Company in the action in Allegheny County.

Judgment reversed with a procedendo,