## Christman v. Chadderton

*Martin E. Cusick*, for plaintiff.
*Benjamin H. Marks*, for defendant.

ROWLEY, P. J., November 2, 1945.—This matter is before the court upon plaintiff's rule to quash defendant's scire facias to join Richard R. Chavers as an additional defendant.

The first reason offered to support the rule is that defendant's præcipe for a writ to join was not filed

within 60 days after service upon defendant of plaintiff's initial pleading.

It is admitted that plaintiff's pleading was served upon defendant on January 24, 1945, and that defendant's præcipe for the writ to join was not filed until March 27, 1945, the intervening period exceeding 60 days.

Goodrich-Amram Rule 2253 provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Defendant concedes that his præcipe was filed after expiration of 60 days from service upon him of plaintiff's initial pleading. But defendant contends that filing of the præcipe was allowed by the court.

It is the fact that on March 26, 1945, defendant presented to the court his petition for leave to join Richard R. Chavers as an additional defendant, and that the court entered thereon an order joining such additional defendant.

The petition did not disclose that 60 days had elapsed since service of plaintiff's pleading on petitioner, nor did it set forth the date of such service, nor any facts from which it could be ascertained that the normal 60 days had elapsed. Under the circumstances it cannot seriously be urged that the order of court was an allowance upon "cause shown". The court was without authority to make the order except upon a petition averring facts justifying the granting of an extension.

The order was therefore a nullity.

In Goodrich-Amram Civil Practice Rules 2253-3, it is said:

"The rules do not give any indication of what is sufficient cause. Ordinarily, the bar of the passage of

the sixty-day period will not be waived by the court. The substantive rights of the moving party will not be prejudiced by refusing to permit the joinder of the additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him and thus, while subjected to delay, his substantive rights are not impaired. Or if the contention of the moving party is that the proposed additional defendant is solely liable to the plaintiff, the defendant may assert that defense in the plaintiff's action even though the proposed additional defendant is not joined as a party to the action.

"The enforcement of the sixty-day limitation will not ordinarily work any hardship on the moving party who is barred from joining an additional defendant."

The second reason urged to support the motion to quash is that defendant has not filed a complaint as required by Rule 2252(b), which rule provides:

"(b) The defendant or additional defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded."

Defendant's brief concedes that no complaint has been filed but contends that the petition for leave to join additional defendant contains "the facts relied upon to establish the liability of additional defendant".

Rule 2254(b) requires that the writ, with a copy of the complaint of defendant shall be served by the sheriff in the same manner as a writ of summons within 30 days after the issuance of the writ.

Rule 2255(c) provides that "all allegations of fact in such [defendant's] complaint to which an answer is required and which are not sufficiently answered shall be conclusive upon the additional defendant."

The rules of procedure were intended to permit the joint trial of the liabilities of a number of persons alleged to have been involved in an occurrence. In a suit by B against C for an occurrence in which D also was involved, "D" is as far removed from the action as any stranger. If C desires to have D's liability determined in the suit which B has entered, C must virtually sue D. In the original suit, a plaintiff files a præcipe for a summons and causes the summons, with a copy of his statement of claim, to be served upon defendant. The defendant desiring to join an additional defendant must file a præcipe for a writ to join. The writ to join performs the function of a summons but the proposed additional defendant is not required to respond unless the original defendant has also filed with his præcipe his complaint which performs the function of a statement of claim. But the writ to join and the complaint must be served upon the proposed additional defendant.

The court is without power to dispense with a summons and a statement of claim in the suit against the original defendant. By the same token, the court is without power to dispense with the "writ to join" and the "complaint" in the proceeding by the original defendant against the proposed additional defendant.

After an additional defendant has been joined, the procedure between the original defendant and the additional defendant is the same as though the original defendant were a plaintiff and the additional defendant were a defendant. Rule 2255 (a).

Defendant's brief concedes that the summons and plaintiff's statement of claim were served January 24, 1945. It then became incumbent upon defendant to file his præcipe for a "writ to join" on or before March 25, 1945.

Defendant's præcipe, filed March 27, 1945, was too late, nor was the filing allowed by the court upon cause

shown. No complaint was filed by plaintiff with his præcipe nor has any complaint been filed to this date. Defendant was required to serve a copy of his complaint upon the proposed additional defendant within 30 days after issuance of the writ to join. No complaint has yet been served upon defendant.

We are of the opinion that the petition of March 28th, and the order thereupon, can be considered neither a leave to file a delayed præcipe nor a complaint.

Filing of the præcipe to join was but two days late. It is unlikely that a court would be astute in examining the "cause shown" to excuse such a slight delay, nevertheless, we believe there must be a petition averring some cause for delay, otherwise the court is without authority to extend the time for filing.

Defendant's brief recites that a copy of the petition to join was "sent to counsel for plaintiff on March 26, 1945". The brief continues:

"It could hardly be argued that this was done for the purpose of delay because the cases could still have been listed for the October term of court and tried before that court."

We do not understand that there is any contention that defendant sought to delay trial of the matter.

Defendant's brief states:

"We did have a 30-day period to file our declaration and the declaration need be filed only within 30 days of service on the opposing party."

Defendant misconceives the requirement. Rule 2254(*b*) provides for service of both the writ to join and the defendant's complaint "within thirty (30) days after issuance of the writ" to join.

Therefore, defendant was required to serve his complaint not later than April 24th (if the præcipe had been filed in time), or not later than April 26th (if

the præcipe of March 27th was lawfully issued). Defendant has neither served nor filed a complaint.

Defendant cites Kennedy v. Iron City Electric Co., 352 Pa. 125, as authority for the power of the court to permit "a belated filing of a pleading". We believe the court has broad authority to extend the time for filing pleadings, but until the action is fully instituted by issuance and service of the original writ— (here the "writ to join")—in compliance with the statute and rules, the court cannot bring in defendant by a short-cut method. Unless proposed additional defendant is served with the "writ to join" and with defendant's complaint within the prescribed period, he is not in court. But if a party has been duly summoned or voluntarily enters an appearance, the subsequent proceedings are subject to supervision by the court, which may thereafter liberally permit amendment.

If required service has not been had upon a party, the court may correct omissions or extend the period only if the statute or rule of court expressly so provides.

Where, as here, the rule provides for an extension of time "upon cause shown" the court is entirely without power to extend as a matter of course.

The present rules are the result of the amendment of December 30, 1942. Prior to that amendment, defendant was obliged to obtain leave of court to join an additional defendant. But the amendment strikes a balance between joinder under the Sci. Fa. Act of April 10, 1929, P. L. 479, under which joinder was permitted in all cases as of course, and the original rules governing the joinder of additional defendants, under which court leave was required in all cases. (Original Rule 2252 (a), now superseded.)

Presumably defendant's petition to join was based upon superseded Rule 2252 (a).

It is our considered judgment that defendant's delay in filing his præcipe to join—and his failure to obtain

leave to file same after expiration of the prescribed period—was not effective to bring in prospective additional defendant, notwithstanding the improvident order of the court which undertook to join an additional defendant.

In our opinion, the instant record would not support a judgment against additional defendant. Until proposed additional defendant has been served with both the writ to join and with defendant's complaint, he is not in court. The issue between defendant and additional defendant is made by the averments of defendant's complaint and the answer thereto. When the added defendant has answered the complaint—or after the time has expired—there is then, and only then, an issue for trial between original defendant and added defendant.

If the præcipe had been filed in time, or if it had been filed later with leave of court upon cause shown, it is likely that the court would upon cause shown extend the time for filing defendant's complaint.

Defendant does not ask that his delay be excused, but that we hold his petition to be a sufficient substitute for an order upon cause shown authorizing the delayed filing of the præcipe, and also that the petition be treated as defendant's complaint.

This we are powerless to do under the plain requirements of the rules of civil procedure.

## Order

And now, November 2, 1945, this matter came on for argument upon a rule to show cause why the writ of scire facias to join Richard R. Chavers as an additional defendant should not be quashed, whereupon, after careful consideration, it is ordered, adjudged and decreed that the rule be made absolute.

And it is further decreed that the order of court of March 26, 1945, entered upon defendant's petition be rescinded.