## Volk v. Livingston

*Bernard S. Shire* and *Edgar Paul Herrington, Jr.,* for plaintiffs.

*Edward F. Stefl,* for defendant.

SCULCO, J., July 31, 1958.—On February 21, 1958, Eva L. Volk and Eva Virginia Volk filed a complaint in trespass against Henry C. Livingston, Jr., for damages as a result of an automobile collision involving the vehicles of Eva L. Volk and Henry C. Livingston, Jr.

On March 25, 1958, a petition for severance was filed by Henry C. Livingston, Jr., and subsequently the severance was granted and Eva L. Volk was brought upon the record as an additional defendant.

On May 9, 1958, Eva L. Volk, by her attorneys, filed preliminary objection to defendant's complaint setting forth:

1. The original defendant, Henry C. Livingston, Jr., has already brought an action against Eva L. Volk, now joined as an additional defendant, at no. 305, October term, 1957, in the Court of Common Pleas of Westmoreland County, and this action is still pending and is a bar to the joinder of Eva L. Volk as an additional defendant in this action.

2. The original defendant, Henry C. Livingston, Jr., as plaintiff at no. 305, October, 1957, has a full and complete remedy in that action.

The matter is presently before the court for determination of the preliminary objection. The basis upon which the additional defendant makes objection to her joinder in this action is that there is an action pending at no. 305, October term, 1957, wherein the original defendant in this action, Henry C. Livingston, Jr., is plaintiff and Eva L. Volk is defendant,

which action gives Henry C. Livingston, Jr., a full and complete remedy against Eva L. Volk and constitutes a bar to her joinder as an additional defendant.

Although the action pending at no. 305, October term, 1957, will determine the question of the right of Livingston to recover against Eva L. Volk for his damages as a result of his personal injuries and property loss in the accident on May 27, 1957, it will not decide Livingston's right of contribution against Eva L. Volk in the action instituted by Eva Virginia Volk for personal injuries resulting from the same accident on May 27, 1957. Therefore, it is very evident that the action at no. 305, October term, 1957, does not give Livingston a full and complete remedy against Eva L. Volk, and would not be res adjudicata of his right of contribution from Eva L. Volk.

It is a fundamental principle of the decisions of the courts of Pennsylvania that a party cannot be in two courts of the Commonwealth on the same question, but the same question is not at issue in the actions pending at no. 305, October term, 1957, and no. 429, January term, 1958, even though the causes of action involve the same factual situation.

Under Pa. R. C. P. 213(a), when actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any of the parties may order a joint trial of any or all the matters in issue in the actions, or may order all of the actions consolidated.

A joint trial of the actions pending here will avoid unnecessary costs and delay without prejudice to any of the litigants.

The additional defendant relies on the case of Simodejka v. Williams, 360 Pa. 332, wherein Simodejka brought suit against Williams for personal injuries resulting from an accident, which also resulted in personal injuries to a guest passenger in the car driven by Williams, and property damages to the owner of

the car driven by Simodejka. The guest passenger in the Williams car had filed an action against Simodejka, who had joined Williams as an additional defendant, and the owner of the car driven by Simodejka had filed an action against Williams, who had joined Simodejka as an additional defendant. In that action the Supreme Court held Simodejka could not split his cause of action and should have brought his action for personal injuries, when he had joined Williams as an additional defendant in the prior action brought by the guest passender in the Williams' car against Simodejka, on the ground that Pa. R. C. P. 2255($a$) provides that the procedure between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff, and the additional defendant were a defendant, and that Simodejka's cause of action, based on Williams' negligence, was merged in the prior actions, wherein both of the parties were defendants.

In the action at no. 305, October term, 1957, a determination by a jury in favor of Eva L. Volk on the basis that both plaintiff and defendant were negligent would not be res adjudicata as to Livingston's right of contribution from Eva L. Volk in an action by a third party, since this cause of action involving the right of contribution could not be instituted by Livingston until an action was instituted by the third party.

The cases of Kennedy v. Iron City Electric Company, 352 Pa. 125, and Commonwealth v. Albert J. Narducci, Inc., 42 D. & C. 174, relied on by counsel for Eva L. Volk, do not provide a basis for determining that Eva L. Volk is improperly joined as an additional defendant, because in those cases an attempt was made to join parties as additional defendants on causes of actions on which the additional defendants were already being sued in other counties.

In the present case before the court, the additional defendant, Eva L. Volk, was not being sued in a prior action by Eva Virginia Volk. Since there is no prior action pending by Eva Virginia Volk against Eva L. Volk, and since the right of Livingston to contribution from Eva L. Volk could not be determined in the action at no. 305, October term, 1957, Eva L. Volk is properly joined as an additional defendant in the present action.

And now, to wit, July 31, 1958, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objection of the additional defendant, Eva L. Volk, be and the same hereby is dismissed.